. STEWART & PRATT, surv. partners, v. FRAZIER.

1. On a deposit or bailment of money, to be kept without recompense, if the bailees without authority, attempt to transmit the money to the bailor at a distant point, by the public mail or by private conveyance, and the money is lost, they are responsible to the bailor.

2. The loss of the money from such a cause, is not, however, a conversion, and the bailees are not liable to an action for the money until a demand is made for it. But if the bailees, on being apprized of the loss of the money, refuse to pay, or deny their responsibility, the jury would be authorized to infer a demand and refusal.

Error to the County Court of Sumter.

This was an action of assumpsit, brought by the defendant against the plaintiffs in error.

Upon the trial, it appeared that the plaintiff sent to the defendants, commission merchants in Mobile, a negotiable note, to be discounted in one of the banks of that city, and the proceeds to be received by them for his use.   That the note was discounted, and the proceeds thereof, the amount sued for, received by the defendants.   There was no proof that any instructions were given to the defendants by the plaintiff, as to the mode of transmitting the funds, or as to any other disposition of them.   It further appeared, that the defendants had placed the money in the hands of one Van Houten, reputed to be an honest man, in an envelope addressed to a house in Livingston, Alabama, near to the plaintiff's residence, to be delivered to him ; but the money did not come to the possession of those to whom it was addressed.— There was no proof of demand by the plaintiff of the defendants, before the commencement of the suit.

The court charged the jury, that the defendants had no right, in the absence of instructions to that effect, to send the money by any private conveyance or individual to the plaintiff, or to any one for him, and if the money was so sent, and did not come to hands of plaintiff, the defendants were liable.

The court also charged, that the relation of bailor and bailees, was not created by the foregoing facts; and that no demand was necessary to be made before bringing the suit.

The defendants' counsel asked the court to charge the jury, that if they believed from the evidence that the defendants procured the note above spoken of, to be discounted for and at the instance of the plaintiff, and received and held the proceeds to his use, the defendants then became the bailees of the plaintiff, and as such were entitled to demand before suit brought; which the court refused to give.

To the charges given, and to that refused, the defendants excepted; and judgment being given for the plaintiff, the defendants prosecute this writ, and assign for error, the charges given to the jury, and the refusal to charge as moved for.

BLISS, for plaintiff in error, contended, that the plaintiffs in error were the mere bailees of the defendant, and there not having been shown to be a conversion of the money, were entitled to a demand before suit. [He cited Story on Bailment, 2, 3, 41, 82, 139; 11 Wendell, 25; 6 N. H. 537.]

SALLE, *contra*, maintained, that the plaintiffs in error had no right to transmit the money by private conveyance, but should have sent it by mail. That they were not the bailees of the defendant, but that in the case of a bailment, a demand is unnecessary, when there is conversion or loss from negligence. [He cited Story on Bailment, 82, § 107; Chitty on Bills, 157; 1 Cowper; 294; Peake's Ev. 186; 3 Starkie on Ev. 1089.]

ORMOND, J.—From the testimony, it appears that the plaintiffs in error became the agents of the defendant, to negotiate a note of the defendant in one of the banks of Mobile, and to receive the money arising therefrom to his use. It does not appear that any instructions were given to the plaintiffs in error, to transmit the money from Mobile to the residence of the defendant in Sumter county, and none can be implied from the nature of the transaction. If, therefore, the money has been lost in the attempt to transmit it to the defendant in error, although kindly meant, and done with the best intentions, the loss must fall on the plaintiffs in error; and the law would be the same if the public mail had been resorted to instead of a private conveyance. In either case it would be exposing the defendant to a risk to which he had not consented.

It was argued by the counsel for the plaintiffs in error, that as the money was to be kept by the bailees without recompence, they are liable for gross negligence only; but the question whether they were guilty of gross negligence or not, in the transmission of this money, does not arise in this case; as they had no authority to transmit, in any mode, either express or implied. The contract was a deposit, or naked bailment of money, to be kept for the bailor, without recompence. If the bailees had remained passive, and the money had been lost from their possession, their liability would have depended on the ascertainment of the fact, whether the loss was caused by gross negligence on their part. Such not being the fact, the argument has no application to this case.

It is certainly true, that a bailee becomes liable to an action without any previous demand, whenever he converts the thing bailed to his own use, or it is lost or destroyed by gross negligence on his part; and the reason of this is apparent. The law never requires a nugatory act to be done; it is therefore unnecessary to demand a return of that which has ceased to exist, or which the bailee has put it out of his power to return, by his own act. In either case he has put an end to the contract of bailment by his own act, and become a wrong-doer. Is that the case here? If it be conceded, as is perhaps the natural presumption, from the facts of this case, that the money is lost, is it not still in the power of the plaintiffs, if not to return the identical money they received, to discharge their obligation by the payment of the same sum, in money which must be of precisely equivalent value? It would be a most harsh exposition of this rule of law, to say, that the attempted kindness of the plaintiffs in error, constituted them wrong-doers, and subjected them not only to the payment of the money, but to the expence of a law suit also.

It must, however, be confessed, that the cases must be very rare in this country, where a resort is had to the legal tribunals, that it is not perfectly well understood, that a demand would be fruitless. Very slight circumstances, therefore, would be sufficient to authorize the jury to infer a demand. Such an inference might have been drawn in this case, if it appeared in evidence that the plaintiffs in error denied their responsibility, or if they were apprized of the loss, and refused to pay.

Let the judgment be reversed, and the cause remanded.