# Henderson v. The State.

*Indictment for Carrying Concealed Weapons.*

*Charge instructing jury that, to reconcile conflict in evidence, they may infer existence of fact without any proof.* — A charge which instructs the jury that, in order to reconcile a conflict in the evidence before them, they may infer the existence of a fact of which no evidence whatever has been adduced, is erroneous.

FROM the Circuit Court of Hale.

Tried before the Hon. M. J. SAFFOLD.

The defendant in this case was indicted for carrying concealed weapons. On the trial, as appears from the bill of ex-

[Marshall *v.* State.]

ceptions, he reserved several exceptions. to the rulings of the court, which are here presented for revision, but which the opinion of this court renders it unnecessary to state.

. SMITH & ROULHAC, and THOS. J. SEAY, for defendant.

BEN. GARDNER, Attorney General, *contra.*

PECK, C. J.— The evidence tended very strongly to show that the defendant carried a pistol concealed 'about his person; but there was no evidence tending to show that he had two. There was some conflict in the evidence, as to the condition of the pistol; whether the main spring was or was not broken. Some of the evidence tended to show that it was, and some that it was not broken. The solicitor asked the court to charge the jury that, to reconcile the evidence, they might believe the defendant had two pistols. This charge the court gave, and the defendant excepted. This was improper. The said charge should have been refused. It authorized the jury to believe a fact existed, without any evidence upon which to base such a belief.

A charge that the jury may infer a fact of which there is no evidence is erroneous. *Everett* v. *The United States*, 6 Porter, 166. So, a charge that the jury have a right to draw an inference opposed to all the evidence is erroneous. *Cary* v. *Hughs*, 17 Ala. 388.

For this, the only error we are able to discover in the record, the judgment is reversed, and the cause is remanded for another trial.