# Hammett *v.* Brown.

### *Action on Common Counts.*

1. *When principal may maintain action against agent, for money had and received.*—As a general rule, the principal can not maintain an action against his agent, for money collected and not paid over, without a previous demand; but this rule does not apply, where the agent denies his liability, or otherwise shows that a demand would have been fruitless.

[Hammett v. Brown.]

2. *Charge to jury; rule of construction.*—Instructions to the jury must be construed in connection with the evidence; and if, when so construed, they are correct, their incorrectness, as applied to a different state of facts, is not a reversible error.

3. *Charge withdrawing evidence from jury.*—A charge requested, which withdraws from the consideration of the jury any evidence, however weak or inconclusive it may be, may properly be refused.

4. *Abstract charge.*—To authorize a reversal on account of an abstract charge, the record must show that it misled the jury, to the prejudice of the appellant.

APPEAL from the Circuit Court of Blount.
Tried before the Hon. LOUIS WYETH.

RICE, JONES & WILEY, for appellant, cited *Sally v. Capps*, 1 Ala. 122; *Farrow v. Riggs*, 30 Ala. 261; *Stewart & Pratt v. Frazier*, 5 Ala. 114; *Jarrell v. Lillie*, 40 Ala. 271; *Lehman, Durr & Co. v. Warren & Burch*, 53 Ala. 535; 1 Brickell's Digest, 872, § 965.

INZER, HAMILL & DICKINSON, contra.

BRICKELL, C. J.—The action was commenced by the appellee, and the complaint contains only the common counts in *assumpsit.* The pleas were the general issue, payment, and set-off. The bill of exceptions contains all the evidence; and it is apparent that the controversy, in the court below, was narrowed to the single inquiry, whether the defendant had, as the agent of the plaintiff, collected a claim of which the plaintiff was the beneficial owner, and which he had left with the defendant for collection, against the Louisville & Nashville Railroad Company. The Circuit Court charged, that if the defendant had collected the money on the claim, the plaintiff was entitled to recover it. The error of the charge, now asserted, is, that a principal cannot sue his agent, for money collected, without having first requested or demanded payment of it, and it entitled the plaintiff to a recovery without evidence of such demand. The principle is correct, and has its foundation in the corresponding duties of the relation of principal and agent. The principal cannot place the agent in default, subject him to an accusation of infidelity, and to the costs and vexation of suit, unless he first demands of the agent a performance of his duty. But, if the agent denies his liability to the principal, or otherwise shows a demand would have been fruitless, the law relieves the principal from the duty of making it.

Instructions to a jury, given on the trial of a cause, must be construed in connection with the evidence; and instructions may be correct, when read in the light of the particu-

lar facts, which would be erroneous under a different state of facts. In the present case, if there had been no other evidence, than that tending to show the defendant had collected the money of the plaintiff, the charge given would be erroneous; for, without some evidence of a demand, the defendant would not have been in default. But, the defendant denying the fact of the collection of the money, and limiting his defense to the fact of collection, no evidence of a demand was necessary.—*Stewart v. Frazier*, 5 Ala. 114.

The charge requested by the defendant excluded from the consideration of the jury all the circumstantial evidence, which tended to show that he had collected the money. A court does not err, in refusing an instruction which withdraws legal evidence, however inconclusive or weak it may be, from the consideration of the jury.

If, as is now insisted, the charge given on the request of the plaintiff was abstract—unsupported by evidence, and directing the attention of the jury to an immaterial inquiry; to authorize a reversal, it must appear the jury were thereby misled, to the prejudice of the appellant.—1 Brick, Dig. 336, § 11. It seems to us, that directing the attention of the jury to the inquiry, whether the plaintiff had or not collected the money of the railroad company, could not possibly have worked any injury to the defendant.

Let the judgment be affirmed.