# CASES

IN THE

# SUPREME COURT OF ALABAMA,

DECEMBER TERM, 1885.

## Beck *v.* The State.

*Indictment for Carrying Concealed Pistol.*

1. *Attempted fraud in procuring testimony ; when properly considered to disadvantage of party attempting same.*—If a party attempts to practice a fraud on the court, by procuring or assisting to procure testimony which he knows to be false, or resorting to any other artifice designed to deceive or mislead, this is a circumstance which the jury may properly consider to his disadvantage ; but, to justify a charge invoking this principle, there must be something more than a mere contradiction between the defendant's own testimony and the testimony of the witnesses against him.

2. *Abstract charge ; when reversal worked by.*—An abstract charge, even though it assert a correct legal proposition, will work a reversal, when it may have misled the jury.

APPEAL from Bibb Circuit Court.

Tried before Hon. JAS. E. COBB.

The defendant, Willis Beck, was tried and convicted under a plea of not guilty at the Spring Term of said court, 1886, of the offense of carrying a concealed pistol. As shown by the bill of exceptions, a witness introduced by the State testified, in substance, that on a certain day, within twelve months before the finding of the indictment, he saw the defendant at Briarfield, in said county, with a pistol, which he carried in his hip-pocket, exposed to public view ; that on meeting the defendant later in the day the weapon was no longer visible, but witness saw the "impression," or outline, of a pistol on the same pocket in which he had previously carried it ; that witness did not know what it was, "it might have been a piece of wood or something else in that shape," but it had "the shape and appearance of a pistol, with handle, cylinder and barrel." To this, and corroborative testimony to the same effect, the de-

1

[Beck v. The State.]

fendant objected, and duly excepted to the adverse ruling of the court.

The defendant introduced evidence tending to show that, while engaged in playing a game of ball, a short while prior to the time covered by the foregoing testimony, "he dropped a large wooden pipe and picked it up and put it in the hip-pocket" referred to; "that said pipe was a large wood pipe, and had a large stem which was crooked." There were, as shown by the bill of exceptions, "two witnesses for the defendant, who swore that the defendant dropped his pipe while playing ball and put it in his hip-pocket, and one witness swore he had it in his side-pocket and that he picked it up at another place. The defendant himself swore that he had no pistol about his person on that day." The material portion of the charge given to the jury, and excepted to by the defendant, is set out in the opinion.

No assignment of error appears upon the record.

THOS. N. McCLELLAN, Attorney-General, for the State.

STONE, C. J.—There is a principle of law, that if a fraud on the court be attempted, in the getting up of false testimony, or by any other artifice tending, or designed to deceive or mislead, or to make the false appear to be the true, and this is knowingly assisted, or procured to be done by the suitor, this is a circumstance which the jury may rightly consider, to the disadvantage of the party making, or assisting in such attempt. An honest cause, the law considers, needs not the aid of such reprehensible methods. But, to justify the application of this principle, there must be some proof of it, or testimony of facts or circumstances, tending to support such inference. Mere conflict among witnesses examined on the opposing side, without more, does not and can not raise such inquiry, or bring the principle referred to into play. 1 Greenl. Ev., § 469 ; *Childs v. The State*, 76 Ala. 93. Cases of conflicting statement, or conflicting recollection, frequently occur, and it would be a dangerous precedent, as well as an unsound rule, to visit on either side, in case of such conflict, the severe intendments which the law denounces against the suborner, or procurer of simulated or manufactured testimony.

There was in this case a direct conflict in testimony. One witness testified that on the day on which the alleged offense was committed, he saw a pistol projecting out of defendant's hip-pocket. He and other witnesses gave testimony tending to show that later on that day, a pistol was in said pocket and on the person of the defendant, and that it was concealed from view. The defendant testified in his own behalf that he had

[Beck v. The State.]

no pistol on that day.   This conflict presented a question for the jury to determine.   They were not bound to believe the one side or the other, further than to render a verdict under the charge of the court, "their judgments should be convinced, with that measure of conviction the law requires in criminal cases."   The bill of exceptions sets forth that it contains all the evidence, and the conflict noted above, and a conflict on one other question of fact, are the only incidents of the trial on which the charge hereafter noted can be attempted to be justified.   They do not present a state of facts which raised the legal question embodied in that charge, and the charge was consequently abstract.   An abstract charge, if it probably misled the jury, even if it assert a correct legal principle, is an error for which we will reverse.   *Partridge v. Forsyth,* 29 Ala. 200; *Russell v. Erwin,* 38 Ala. 44; *McWilliams v. Rogers,* 56 Ala. 87; *Glass v. Pinckard, Ib.* 592; *Hammett v. Brown,* 60 Ala. 498; *Bernstein v. Humes,* 71 Ala. 260; *Herring v. Skaggs,* 73 Ala. 446.   The charge we refer to is the third paragraph of the general charge given and accepted to, and instructed them "if they believed from the evidence that defendant had attempted to prove facts material to his defense by false statements, and that he knew such statements to be false, and, so knowing, procured them to be made, then, that might be a circumstance against the defendant to be considered by the jury in weighing the evidence."

As we said above, the evidence on the trial did not raise the legal question which the charge sets forth, and the charge was abstract.   It moreover authorized the jury to draw an inference, while there was no testimony from which it could be drawn.   "A charge that the jury may infer a fact of which there is no evidence is erroneous."   *Henderson v. The State,* 49 Ala. 20; *Everett v. U. S.,* 6 Por. 166; *Lehnan, Durr & Co. v. Warren,* 53 Ala. 535.

It is not our intention to intimate an opinion as to the guilt or innocence of the accused.   That is a question for the jury, which, weighing the evidence, they must determine for themselves.

There is nothing in the other questions reserved.

Reversed and remanded.