(131 So. 246)
## HARTFORD FIRE INS. CO. v. GUTHRIE.
### 6 Div. 833.

Court of Appeals of Alabama.
Oct. 7, 1930.

Rehearing Denied Nov. 11, 1930.

Davis & Curtis, of Jasper, for appellee.

R. A. Cooner, of Jasper, for appellant.

RICE, J.

This was a suit on a promissory note. There was a verdict and judgment for defendant, and plaintiff appeals.

The case was tried on a complaint consisting of but a single count, and on issue joined on pleas numbered 1, 2, 4, C, D, G, H, and I. To pleas 1, 2, C, D, and I, there were no demurrers interposed. The actions of the court in overruling demurrers to pleas G and H are separately made the basis of assignments of error which are argued and insisted upon here; the demurrers to plea 4, and the court's action thereon, being waived by appellant.

If there was anything wrong with the form of plea G, we do not think the demurrers properly pointed it out. Its substance was matter that constituted a good defense to the action. So we are of the opinion, and hold, that overruling the demurrers to this plea did not constitute error prejudicial to any rights of appellant.

Plea H was in our opinion sufficient, and the demurrers thereto were overruled without error. Leonard v. Roebuck et al., 152 Ala. 312, 44 So. 390.

We think, and hold, that appellant's written charge 2 was refused without error, in that it assumes as a fact that there was "default in payment of the premium"—a disputed question.

Appellant's written charges 3 and 4, the refusals to give which are argued as one assignment of error, were, in our opinion, in view of the issues and the evidence, misleading and confusing; hence, properly refused.

The representations of the agent taking the application for policies of insurance

and receiving the cash premium are binding upon the insurer. Code 1923, § 9534.

The issues in this case were, it seemed to us, clearly defined. They were fairly submitted to a jury, which found against appellant. There appears no sufficient reason for ordering a retrial.

The judgment is affirmed.

Affirmed.