# Dillard *v.* The State.

*Retailing Liquor Without License.*

(Decided June 13, 1907.    44 South. 396.)

1. *Pleading; Demurrer; Oral Demurrer.*—Oral demurrers are not permissible under the rules of pleading, and a court will not be put in error for refusing to consider them.

[Dillard v. The State.]

2. *Same; Variance Between Affidavit and Warrant.*—The affidavit is the pleading on which the charge is based and upon which the trial should be had, and a defendant cannot object to going to trial because of a variance between the affidavit and the warrant.

3. *Criminal Law; Instructions; Affirmative Charge.*—Where the evidence affords an inference to support the charge the defendant is not entitled to have the verdict directed.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

From a conviction for selling whisky without license, Jordan Dillard appeals. Affirmed.

The affidavit charged that before the making of the affidavit and, within twelve months, Jordan Dillard did unlawfully sell, give away or otherwise dispose of spirituous, vinous or malt liquors, intoxicating bitters or fruits preserved in alcoholic liquors not in an incorporated town or city having police regulation both by day and by night, in Jefferson county, Alabama. The warrant charged a violation of the revenue law. The judgment states that defendant objected to going to trial on the warrant on the grounds that the warrant charges a violation of the revenue law, while the affidavit charges a violation of the prohibition law of Jefferson county, and that the objection was overruled. The bill of exceptions states that when the case was called defendant stated orally to the court that he desired to demur, and stated orally the grounds of demurrer, and the court refused to entertain the demurrer unless it was put in writing. The defendant objected to the following testimony offered by the state: "That John Thomas came to him (Burwell) and wanted 25 cents to buy whisky with, and that in about 30 minutes John Thomas and Rich Palmer came back with a pint or half pint of whisky." The bill of exceptions further states that after defendant had shown on cross examination of the witness Burwell that Burwell had made the affidavit, the attorney further asked the witness if he did not have Henry Caldwell and John Lipscomb entered on the war-

[Dillard v. The State.]

rant as the witnesses who had furnished him with his information at the time he made his affidavit; and if, when the case was first called, he did not get it continued stating to the solicitor that he could not make out a case with Caldwell and Lipscomb, but that he could make out a case with John Thomas. And defendant also asked the witness if he did not obtain his information when he first preferred the charge from Caldwell and Lipscomb. The court sustained the state's objection to this testimony.

PINKEY SCOTT and T. T. HUEY, for appellant.— Counsel discuss assignments of error but cite no authority in support of their contentions.

ALEXANDER M. GARBER, Attorney General, for State. —No brief came to the Reporter.

DENSON, J.—The court committed no error in refusing to entertain an oral demurrer to the warrant. The rules of pleading do not admit of oral demurrers, and it is impracticable to get such demurrers in a record on appeal.

The affidavit, and not the warrant, is the pleading in the case which shows the charge against the defendant. It is the foundation of the prosecution, and upon it defendant should be tried. So there is no force in the objection made by the defendant to going to trial, based on a variance between the affidavit and warrant.

No reversible error was committed by the court in rulings on the evidence.

We cannot say the evidence does not afford an inference of the guilt of the defendant. Therefore the general affirmative charge was well refused to defendant.

Affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.