## BYRD v. STATE.   (8 Div. 721.)

(Supreme Court of Alabama.   June 11, 1925.)

**1. Criminal law ⊙⇒745—Inferences of fact are for jury in arriving at verdict.**

Though court may announce presumptions of law to jury, inferences of fact are for jury in arriving at verdict.

**2. Criminal law ⊙⇒741(1), 742(1), 745—Credibility of witnesses, weight of evidence, and inferences to be drawn therefrom, for jury.**

Weight of evidence, credibility of witnesses, and inferences to be drawn from evidence, where susceptible of more than one rational conclusion, are for jury alone.

**3. Criminal law ⊙⇒763, 764(10)—Instruction that defendant's killing of deceased was intentional held erroneous.**

Instruction that, under the evidence, killing of deceased was an intentional killing on part of defendant at least, *held* erroneous, as defendant's intention was for jury.

Appeal from Circuit Court, Madison County; James E. Horton, Jr., Judge.

Charles Byrd was convicted of murder in the second degree, and he appeals. Reversed and remanded.

Charge 2, given for the state, is as follows:

"(2) I charge you, gentlemen of the jury, that under the evidence in this case the killing of the deceased was an intentional killing on the part of the defendant, Byrd, at least."

Douglass Taylor, of Huntsville, for appellant.

It is the province of the jury, and not the judge, to draw inferences of fact from the evidence. Stearns v. State, 4 Ala. App. 124;[1] Bonner v. State, 8 Ala. App. 236, 62 So. 337; Adair v. State, 19 Ala. App. 174, 95 So. 827; Holcombe v. State, 17 Ala. App. 91, 82 So. 630: Stout v. State, 15 Ala. App. 206, 72 So. 762; Lindsay v. State, 19 Ala. App. 355, 97 So. 243; Tarver v. State, 17 Ala. App. 424, 85 So. 855.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

THOMAS, J. The giving of general affirmative instructions by the court has been frequently considered in civil and criminal cases. McMillan v. Aiken, 205 Ala. 35, 88 So. 135.

[1, 2] It is the province of the jury, and not the court, to draw inference of fact from the evidence susceptible of adverse inference. That is to say, when applied to criminal cases, the court may announce presumptions of law to the jury; the inferences of fact are for the jury in arriving at a verdict. The weight of evidence, the credibility of witnesses, and inferences to be drawn from the evidence, where susceptible of more than one rational conclusion, are for the jury alone. Dillard v. State, 151 Ala. 92, 44 So. 396; Kennedy v. State, 147 Ala. 687, 688, 40 So. 658;[2] Hornsby v. State, 94 Ala. 55, 10 So. 522; Gibson v. State, 89 Ala. 121, 8 So. 98, 18 Am. St. Rep. 96; Hadly v. State, 55 Ala. 37; Mitchell v. State, 60 Ala. 28; Henderson v. State, 49 Ala. 20.

[3] The defendant, appellant, being tried under an indictment for murder in the first degree, was, according to the evidence, upon trial for murder or manslaughter. The defendant was permitted, without objection, and contrary to the rule of evidence obtaining in this jurisdiction, to declare his mental status or intent at the time of inflicting the blow that caused the death of Erskine Elmore. There was error in giving charge No. 2 at the request of the state, for the intention of the defendant when he struck the fatal blow was for the jury. If the state's evidence was to be believed, the jury could have reached the conclusion that defendant intended to kill when he struck the blow, but this was a conclusion of fact that only the jury may draw under the evidence—presenting a conflict.

The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

━━━━━━━━━

(104 So. 837)

## Ex parte LOUISVILLE & N. R. CO.   (5 Div. 920.)

(Supreme Court of Alabama.   June 11, 1925.)

Certiorari to Court of Appeals.

Lawrence F. Gerald, of Clanton, for petitioner.

Altman & Taylor, of Birmingham, and Fred G. Koenig, of Columbiana, opposed.

MILLER, J. Petition of the Louisville & Nashville Railroad Company for certiorari to the Court of Appeals, to review and revise the judgment and decision there rendered in the case of L. & N. R. R. Co. v. Atkinson, 20 Ala. App. 620, 104 So. 835.

Writ denied.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 58 So. 124.
[2] Reported in full in the Southern Reporter; not reported in full in Alabama Reports.