88 So.2d 798

**Coleman GRAY**

**v.**

**STATE.**

**8 Div. 743.**

Court of Appeals of Alabama.
Jan. 10, 1956.

Rehearing Denied June 26, 1956.

Russell W. Lynne, Decatur, for appellant.

John Patterson, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

BONE, Judge.

Appellant was indicted for the offense of assault with intent to murder. His jury trial resulted in a verdict and judgment of guilty, and the trial court sentenced him to the penitentiary for a term of ten years. Appellant made a motion for a new trial, which was overruled. From said judgment of conviction and sentence thereon, this appeal is taken.

The evidence for the State tended to show that on August 12, 1952, at about 8:00 or 8:05 P. M. the assaulted party, who is a brother-in-law of the appellant, heard a noise in his front yard. He came out into the yard, looked around, and as he was turning a shot was fired from beside an oak tree. The assaulted party was shot in the leg midway between the knee and the hip bone. Testimony of the injured party was to the effect that as he turned he saw a streak of fire and then the defendant. He did not see the defendant any more. He definitely identified the assailant as the accused, whom he had known for approximately twenty years.

Evidence for the defense tended to show that the assaulted man was in an intoxicated condition shortly prior to the time of the assault. His wife testified that he had been drinking heavily all day, and that when she left the house to go to church about an hour before the shooting her husband was "passed out" on the bed.

The examining physician testified on cross examination that he had questioned the victim as to the identity of his assailant and that the victim had stated that he did not know who the party was. He testified on redirect examination, without objection, that he did not believe the victim to be speaking the truth upon the occasion of the inquiry, and that he had been taking drugs to relieve his pain at the time.

There was also testimony elicited on cross examination as to the extent of visibility due to darkness at the time of the occurrence. This was for the purpose of showing that the injured man was not able to see sufficiently to positively identify his assailant.

The injured man testified that he did not remember telling anyone that he did not know who shot him.

The principal question presented on this appeal is whether or not the court erred in refusing the general affirmative charge requested by the defendant. It is insisted by defendant that the charge should have been given because of the lack of proof of the identity of the defendant.

Having carefully considered all of the testimony adduced at the trial concerning the identity of the accused, we are of the firm conviction that the trial court did not err in refusing the requested affirmative charge. There was sufficient testimony bearing on the identity of the assailant from which the jury might find that appellant was the assaulting party. This being true, it became a jury question, and it was the sole province of the jury to determine what credence should be given the testimony of the witnesses.

"Freedom in their deliberations to determine, under a conscientious observance of their obligations, what evidence, in their judgment, should be believed, and what disregarded, better tends to promote the ascertainment of truth than to compel conclusions by fixed rules." Nabors v. State, 82 Ala. 8, 2 So. 357, 358. See also Moore v. State, 68 Ala. 360.

A fact may be established as firmly by testimony of one or two witnesses as if testified to by an entire community. Mann v. State, 20 Ala.App. 540, 103 So. 604; Brown v. State, 36 Ala.App. 345, 55 So.2d 753.

From the evidence submitted and the inferences to be drawn therefrom, we are of the opinion that the jury could rightly conclude that the appellant was the party who shot the prosecuting witness.

Requested charge A was properly refused. Smith v. State, 183 Ala. 10, 62 So. 864.

The refusal of requested charge 3 was not error as the jury had been properly instructed as to the law of reasonable doubt. The charge was also misleading. Byers v. State, 23 Ala.App. 70, 121 So. 8, 9, certiorari denied 219 Ala. 10, 121 So. 9.

Requested charge B was refused without error. So much of the charge as related to the condition of visibility was specifically covered by the court's oral charge, and the remainder of the charge was substantially covered by the court's oral charge and the given requested charges.

We have examined other charges and find no error in the court's refusal to give them.

A search of the record reveals no reversible error, and therefore we are of the opinion that the judgment should be affirmed. It is so ordered.

Affirmed.