283 So.2d 618

**Gladys PIERCE**

v.

**STATE.**

**8 Div. 349.**

Court of Criminal Appeals of Alabama.

Aug. 14, 1973.

Rehearing Denied Sept. 25, 1973.

Edward N. Scruggs, Jr., Guntersville, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

TYSON, Judge.

The Grand Jury of Marshall County, Alabama, indicted the appellant for robbery. The Jury's verdict found the appellant guilty as charged, and judgment set sentence at ten years imprisonment in the penitentiary. Appellant's motion for new trial was denied.

The first witness to testify was Ernest Stevens, the sixty-eight year old victim of the alleged robbery. Stevens stated that on the afternoon of June 4, 1972, he and Lonzo Atchley had gone to Guntersville Lake to fish. They were sitting in the shade near the lake when the appellant, Gladys Pierce, and two men, identified as David King and Earl Pierce, drove up. Stevens testified that appellant walked up and asked Atchley where his wife was. Atchley replied, "I don't know. I thought maybe she might be down here." The appellant then said, "I know where she's at. I'll carry you and we'll go get her." Appellant and Atchley then left in his car; the two men left behind them in appellant's car. Stevens further testified that appellant and the two men returned about five or ten minutes later. They got out of the car and walked over to where he was sitting. One of the men walked around behind him, and Stevens was hit on the back of the head. He stated that when he tried to get up on his hands and knees, Earl Pierce kicked him in the mouth and knocked out some teeth. Gladys Pierce then reached down and took his billfold out of the bib pocket of his overalls. She took the money out and threw the billfold away. According to Stevens, there was $83.00 in the billfold. Appellant and the two men then drove off.

Stevens' testimony was corroborated by thirteen year old Tommy Ray, who had been playing ball near the lake. He saw Stevens being hit over the head and saw the other man kick him when he tried to get up. He also observed appellant reach in Stevens' pocket and get something out.

Deputy Sheriff Charles Hill testified that he saw the victim of the robbery about 8:00 p. m. that night and that Stevens' mouth was bleeding. After talking to both Stevens and Tommy Ray, he proceeded to the residence of one Neely Noble. Upon arriving Hill saw the appellant go through the house and out the back door. Hill then went inside and got David King and Earl Pierce. As he brought the two men back to the car, Gladys Pierce

came around the house and toward the car. All three were placed under arrest.

The first witness for the defense was Lonzo Atchley. His testimony differed in several respects to that of Mr. Stevens. He stated that Stevens had a pint of "wildcat whiskey" he was drinking and that when the appellant arrived he asked her to go get some beer. Atchley claimed Stevens gave her $10.00 and appellant brought back three six-packs of beer. Atchley further testified that appellant took him home because he was drunk and didn't want to drive.

The appellant took the stand in her own behalf and testified along the same lines as Atchley. She stated that after taking Atchley home she never returned to the lake, but went straight to the Noble residence where she was arrested.

### I

■ The sufficiency of the evidence is presented to us because of the denial of appellant's motion for a new trial. Mims v. State, 23 Ala.App. 94, 121 So. 446; Sharp v. State, 21 Ala.App. 262, 107 So. 228.

■ The victim identified the appellant as one of the robbers and his testimony was corroborated by Tommy Ray. Such testimony, if believed, is sufficient to sustain a conviction and any conflict in the testimony of the witnesses presented a jury question.

### II

■ Appellant's only assignment of error concerns the testimony of Deputy Charles Hill. Hill was allowed over objection to testify to the events immediately preceding the arrest of appellant. Counsel argues that testimony should not have been allowed because the arrest was made at too remote a time and distance from the occurrence of the crime and was therefore not part of the *res gestae*. There is no merit to this argument. It is well settled that in criminal cases the flight or attempted flight of a defendant is a circumstance which the jury may take into consideration in determining guilt. Robinson v. State, 43 Ala.App. 111, 180 So.2d 282; Ragland v. State, 37 Ala.App. 542, 71 So.2d 535; and Owens v. State, 215 Ala. 42, 109 So. 109. This is true even where the conduct of the defendant tending to show flight is weak and inconclusive, McConnell v. State, 13 Ala.App. 79, 69 So. 333, or where several days have passed since the commission of the crime, and even though the defendant afterwards makes an apparently voluntary surrender. Carden v. State, 84 Ala. 417, 4 So. 823.

### III

The trial court correctly stated the applicable law in its oral charge to the Jury. Title 7, Section 273, Code of Alabama 1940.

We have carefully examined the entire record, as required by Title 15, Section 389, Code of Alabama 1940. We find no error therein, threfore, the judgment is due to be and the same is hereby

Affirmed.

All the Judges concur.