296 So.2d 925

Jordan SMITH, Jr., alias

v.

STATE.

6 Div. 653.

Court of Criminal Appeals of Alabama.

June 28, 1974.

**28**

———◆———

Anthony M. Falletta, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and Carol Jean Smith, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant was convicted of robbery and sentenced to life imprisonment in the penitentiary. He was represented by retained counsel at arraignment and trial. Following his conviction, he was found to be indigent. A free transcript was furnished him and trial counsel was appointed to represent him on appeal.

On February 9, 1973, around 11:00 A.M. two black men walked into the A & P Grocery Store located at 137 Sixth Avenue, Southwest, Birmingham, Alabama. One of the men went to the office of the store manager and asked him to change a twenty-dollar bill. The manager went to the safe to get the money for the twenty and when he turned around the other black man had a pistol pointed in his face. The man with the pistol picked up a brown paper bag and told the manager to put the rest of the money in the bag. The sum of money totaled twelve hundred and eighty-one dollars. One of the men grabbed the paper sack and the manager was told to lie on the floor. He complied with the order and the two men ran out of the store. The police were called and came to the store within ten minutes and the robbery investigation got underway.

Later that same day the detective in charge of the investigation brought a number of photographs or mug shots to the store and asked the store manager to examine them and see if he could identify anyone. He could not. The next day this officer brought another stack of mug shots to the store and the manager picked out appellant as the man who pointed the pistol in his face and robbed the store. Five days later appellant was arrested and charged with the robbery. Two weeks later a preliminary hearing was held and the store manager identified appellant as the man with the pistol and he was bound over to the grand jury. At trial the manager made a positive in-court identification of appellant as one of the robbers and the one with the pistol.

The defense was an alibi. Appellant claimed he was working on his car all day on the day of the robbery and that another man was helping him but that he only knew the man's name was Ben. He said he and Ben worked on his car at a service station but he did not know the owner of the service station or even the name of the station, nor exactly where it was located. His alibi was pitiful and the jury did not buy it.

It was shown that appellant had five felony convictions prior to his arrest in this case including grand larceny and possessing a pistol after a felony conviction. He served time in the Federal penitentiary for having a sawed-off shotgun.

No line-up was conducted. The identification was made from a face-to-face confrontation with the robber in broad daylight in a well-lighted store and a mug shot which the victim had no hesitation in picking out from numerous such photographs, plus the in-court identification. In the second stack of photographs brought to the store by the detective, the store manager picked out Number 9.

Appellant could not produce a single witness to support his claimed alibi.

Appellant contends that since there was only one witness against him, that the evidence was evenly balanced and, therefore, the state did not carry the burden of proof

of proving his guilt beyond a reasonable doubt and to a moral certainty. Stated another way, appellant's contention is there was a "stand off" in the proof and the state's case must fail.

▮ In our system of criminal justice, we do not travel on the numerical number of witnesses. Haggler v. State, 49 Ala. App. 259, 270 So.2d 690.

The Supreme Court in Willcutt v. State, 284 Ala. 547, 226 So.2d 328, said:

"The scintilla rule does not apply in criminal cases. There must be substantial evidence tending to prove all the elements of the charge. Ex parte Grimmett, 228 Ala. 1, 152 So. 263. The burden is on the State to prove beyond a reasonable doubt that the crime has been committed and that the defendant was the person who committed it. Jarrell v. State, 251 Ala. 50, 36 So.2d 336. The weight of the evidence, the credibility of the witnesses, and inferences to be drawn from the evidence, where susceptible of more than one rational conclusion, are for the jury alone. Byrd v. State, 213 Ala. 333, 104 So. 830.

"We cannot say in the instant case that there was not enough evidence to allow the jury to draw the inference that the defendant was the person who committed this robbery. The defendant presented a strong case in support of his alibi. The testimony of his witnesses was in direct conflict with the testimony of the State's witness. Yet the State's witness made a positive identification of defendant as the person who robbed and burned him. The State presented substantial evidence and the jury had before it an adequate basis for drawing inferences and conclusions against the defendant. It is for the jury, not the trial court or this court, to find the facts and to determine guilt or innocence. The State presented suffi-cient evidence upon which the jury could base its verdict."

▮ As above stated appellant's alibi was pitiful—pitiful in the extreme and was an abortive attempt to escape his responsibility for this crime. The conflict in the testimony was peculiarly within the province of the jury to resolve and it was so resolved.

▮ The law is that a verdict of conviction should not be set aside on the ground of the insufficiency of the evidence to sustain it, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it was wrong and unjust. We are not so convinced. Bridges v. State, 284 Ala. 412, 225 So.2d 821; Jones v. State, 40 Ala.App. 419, 114 So.2d 575.

▮ A fact may be established as firmly by the testimony of one witness as by the testimony of an entire community. Gray v. State, 38 Ala.App. 508, 88 So.2d 798; Nabors v. State, 82 Ala. 8, 2 So. 357.

▮ There was no motion to exclude the state's evidence and no motion for a new trial. There was no request for the affirmative charge and no exceptions reserved to the court's oral charge and no refused charges. No objections were made during the trial to any questions posed to the witnesses, and no objections were made to the argument of the district attorney to the jury. This record is entirely free of error and is as clean a record as ever passed through the appellate courts of this state. There is simply nothing presented for review on appeal. Robinson v. State, 44 Ala.App. 206, 205 So.2d 524; Eady v. State, 48 Ala.App. 726, 267 So.2d 516.

This case is affirmed.

Affirmed.

All the Judges concur.