329 So.2d 638

**Lendwith O'Neal SAVAGE**

**v.**

**STATE.**

**3 Div. 470.**

Court of Criminal Appeals of Alabama.

March 30, 1976.

Carlton & Carlton, Montgomery, for appellant.

Willaim J. Baxley, Atty. Gen., and James S. Ward, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant was convicted of robbery and the jury fixed his punishment at ten years in the penitentiary. He was represented by retained counsel and he pleaded not guilty. After sentence was imposed, he gave notice of appeal. He was found to be indigent and he was furnished a free transcript, and trial counsel was appointed to represent him on appeal.

The evidence was in sharp conflict. The evidence for the State made a clear cut case of robbery. Appellant's defense was an alibi.

Alonza Sidney testified that on March 22, 1975, he was a cab driver for the Dependable Cab Company. He said he had a trip to Landsdown Motel and when he unloaded, the operator told him to pick up a fare at the Cash & Carry Grocery Store on Day and Oak Street. That when he arrived at the Cash & Carry, two men entered his cab. He said that appellant got in the back seat of his cab and the other passenger got in the front seat. The men told him they wanted to go to Gibbs Village and that nothing happened until they got to Terminal Road in Gibbs Village. He further testified that the man in the back seat had a pistol and the man in the front seat had a knife. He further stated that appellant was the man in the back seat and he threatened him with the pistol and took his billfold with ten or eleven dollars in it. He was told to stop the car and when he did, the man in the front seat with the knife snatched the keys from the ignition, but that did not cut off the motor. That at this point both men got out of the cab and fled on foot. He said he never got his money or billfold back after the robbery.

Sidney said that he viewed a number of mug shots but was unable to identify either

of the two men who robbed him. Later he attended a lineup and he identified appellant as one of the robbers and the man who held the pistol on him and took his billfold and money. He stated there were six men in the lineup and he identified number 3 as appellant. This was verified by the police officers who conducted the lineup. Sidney made a positive in-court identification of appellant.

Detective Cecil Humphrey stated that he investigated the robbery involving Alonza Sidney. He stated that there were five persons in the lineup and that Sidney identified number 3 as appellant. The lineup was held the following Tuesday after the Saturday night robbery.

Mr. Fred L. Nichols testified that he was employed at the Cash & Carry on the night of March 22, 1975. He stated that he knew appellant and saw him the night of the alleged robbery. He said he saw appellant and another man use the telephone and later enter a cab and that this occurred shortly before midnight. He stated he knew the other person's face but did not know his name.

Appellant's alibi was that he was at the home of his mother on the night of the alleged robbery with a number of other people playing cards and drinking beer and gin. He testified that he did not leave home that entire night and the card game broke up between 12:00 and 1:00 o'clock and everyone went to bed. His testimony was supported by his mother, sister, girl friend, and one John Henry Jackson. Appellant admitted that he had been convicted of grand larceny and was on probation at the time of the alleged robbery. He denied any knowledge of the robbery until he was arrested and that he was involved in such robbery.

On cross-examination John Henry Jacked of a felony and he replied that he had been convicted of carrying a concealed weapon. There were no objections to the questions posed to this witness and, of course, no ruling by the trial judge.

There was no motion to exclude the State's evidence; there was no request for the affirmative charge; there were no exceptions reserved to the Court's oral charge to the jury, but appellant filed a motion for a new trial containing the following three grounds:

1. That the verdict of the jury is contrary to the great weight of the evidence in the case.

2. That the verdict is not sustained beyond a reasonable doubt by the evidence.

3. That the Honorable Judge failed to exclude, over the objection of the defendant, evidence pertaining to confidential relationship between the attorney and his client.

The motion for a new trial was overruled.

■ The first two grounds set forth above can be put to rest by the case of *Young v. State*, 283 Ala. 676, 220 So.2d 843, wherein the Supreme Court said:

"Where the evidence presented raises questions of fact for the jury, and such evidence, if believed, is sufficient to sustain conviction, the denial of a motion to exclude the state's evidence, the refusal to give the affirmative charge and the overruling of a motion for new trial, does not constitute error. *Drummond v. State*, 37 Ala.App. 308, 67 So.2d 280; *Wade v. State*, 24 Ala.App. 176, 132 So. 71."

As to the third ground of the motion for a new trial we quote from the record as follows as to the cross-examination of appellant:

"Q. You don't recall telling him that you were at home on Friday night, playing cards, or anything like that?

"A. Well, he asked me what I was doing.

"MR. CARLTON: We object to any conversation that I had with this Defendant.

"THE COURT: Yes, I am going to sustain the objection, because that's the relation of client and lawyer and it is confidential; so I am going to sustain the objection to anything that was said between him and Mr. Carlton."

■ In the first place we think the District Attorey did not exceed the legitimate bounds of cross-examination in asking appellant if he told his lawyer he was playing cards the night of the alleged robbery in the light of appellant's alibi defense. Secondly, even though the trial judge sustained the objection, appellant did not request the Court to charge the jury to disregard the question as to what appellant told his lawyer about his alibi defense.

■ There was no error in overruling the motion for a new trial. It is well settled law in this state that in reviewing the refusal of a motion for a new trial, this Court will indulge every presumption in favor of the correctness of the ruling of the trial judge and the decision thereon rests largely within the sound discretion of the trial court. *Moore v. State,* 52 Ala.App. *179, 290* So.2d 246; *Johnson v. State,* 51 Ala.App. 172, 283 So.2d 624.

■ Where there is legal evidence from which the jury can by fair inference find the defendant guilty, this Court has no right to disturb the verdict. *Price v. State,* 53 Ala.App. 465, 301 So.2d 230; *Hawkins v. State,* 53 Ala.App. 89, 297 So.2d 813.

■ Appellant presented a strong case in support of his alibi. His testimony and the testimony of his witnesses were opposed to that of Alonza Sidney. However, in our system of jurisprudence, we do not travel on the numerical number of witness-es. A fact may be established as firmly by the testimony of one witness as by the testimony of an entire community. *Smith v. State,* 53 Ala.App. 27, 296 So.2d 925.

In *Willcutt v. State,* 284 Ala. 547, 226 So.2d 328, the Supreme Court held:

"The scintilla rule does not apply in criminal cases. There must be substantial evidence tending to prove all the elements of the charge. *Ex parte Grimmett,* 228 Ala. 1, 152 So. 263. The burden is on the State to prove beyond a reasonable doubt that the crime has been committed and that the defendant was the person who committed it. *Jarrell v. State,* 251 Ala. 50, 36 So.2d 336. The weight of the evidence, the credibility of the witnesses, and inferences to be drawn from the evidence, where susceptible of more than one rational conclusion, are for the jury alone. *Byrd v. State,* 213 Ala. 333, 104 So. 830.

"We cannot say in the instant case that there was not enough evidence to allow the jury to draw the inference that the defendant was the person who committed this robbery. The defendant presented a strong case in support of his alibi. The testimony of his witnesses was in direct conflict with the testimony of the State's witness. Yet the State's witness made a positive identification of defendant as the person who robbed and burned him. The State presented substantial evidence and the jury had before it an adequate basis for drawing inferences and conclusions against the defendant. It is for the jury, not the trial court or this court, to find the facts and to determine guilt or innocence. The State presented sufficient evidence upon which the jury could base its verdict."

■ The fact that numerous witnesses testify in support of a defendant's alibi does not preclude the jury finding the de-

fendant guilty of robbery. *Calloway v. State*, 49 Ala.App. 151, 269 So.2d 168.

The judgment of conviction is affirmed.

AFFIRMED.

All the Judges concur.