JOSEPH J. MULLINS, Retired Circuit Judge.
Appellant was tried on an indictment charging grand larceny, found guilty as charged, and sentenced to six years imprisonment.
This appeal was submitted to this Court on briefs. The appellant was represented by counsel of his choice in all proceedings in the trial court, and is so represented in this Court.
The record filed in this Court on Feb. 4, 1977 did not contain a copy of written charges timely requested by the appellant, properly endorsed by the trial judge. It did not contain pages 34 and 55 of the transcript of the evidence by the court reporter. These omissions have been corrected, and it now appears from the record that the written charges requested by the appellant have written on them; “Refused Jack C. Riley, Circuit Judge Date 9-15-76.” This is a compliance with the Alabama Code of 1940, Title 7, Sec. 273 which provides: “Charges moved for by either party must be in writing, and must be given or refused in the terms in which they are written; and it is the duty of the judge to write ‘given’ or ‘refused,’ as the case may be, on the document, and sign his name thereto.” The record having been corrected, we may now consider the refused charges, and the sufficiency of the evidence.
*527 Appellant insists the trial court erred to his prejudice, and that his conviction should be set aside due to the overruling of his motion to exclude the state’s evidence at the conclusion of state’s case; and in sustaining an objection by state’s Solicitor to certain questions appellant’s counsel propounded to appellant and in overruling appellant’s objections to several questions the state’s Solicitor put to several of appellant’s character witnesses; and in refusing certain written charges requested by appellant; and in denying appellant’s motion for a new trial.
The indictment described the property as, “one Sears 7 horsepower outboard motor, color, green shaft and white top, a further and better description of which is otherwise unknown to the grand jury, of the value of $175.00.”
Appellant’s motion to exclude the evidence, his refused written Charge No. A, and his motion for a new trial, presents to this Court for its decision the sufficiency of the evidence to sustain the jury verdict, and if there was a material variance between the description of the property contained in the indictment and in the evidence.
Appellant contends that the evidence of state’s witness, Mr. Gay, was that the motor taken from him was seven and a half horsepower, while the indictment described it to be seven horsepower. Therefore, there was a fatal variance between the description of the property described in the indictment and the evidence. Looking to the transcript of the evidence, we find that state’s witness, Mr. Gay, described the motor as a seven and a half horsepower motor during his direct examination, but on redirect examination he testified that the motor taken from him was a seven horsepower motor, and that he knew of no better description of the motor than that contained in the indictment.
When there is a conflict in the evidence, the inferences to be drawn from the evidence, the weight of the evidence, and the credibility of the witnesses are all questions for the jury. Vaughn v. State, 57 Ala.App. 134, 326 So.2d 662; Byrd v. State, 213 Ala. 333, 104 So. 830. We hold that the credibility of state’s witness, Mr. Gay, was for the jury, therefore, the trial court did not err in overruling appellant’s motion to exclude the evidence, and in refusing his written Charge A, which was the general charge for appellant, and in overruling his motion for a new trial on the grounds of a variance.
The appellant further contends that he could not be convicted on the testimony of one witness unless corroborated by the testimony of other witnesses tending to connect the appellant with the offense. In the record before us we find that the only evidence connecting appellant with the offense he is charged with is the testimony of state’s witness, Mr. Gay. Mr. Gay testified he saw the appellant and two companions take Mr. Gay’s motor. The appellant and one of the companions who was with the appellant at the time testified that they did not take Mr. Gay’s motor, and did not know anything about it.
In appellant’s brief he cites cases to sustain his contention that he should not be convicted on the testimony of one witness unless corroborated by another witness with evidence tending to connect the appellant with the offense with which he is charged. We note that the cases cited to sustain this argument are perjury cases. Here, we are considering an offense of larceny. It is true that under certain circumstances one cannot be convicted of perjury on the testimony of one witness, but this rule of law is not the correct rule of law in a case involving larceny. We hold that under the facts in this record it is not necessary to have the testimony of Mr. Gay corroborated, therefore, the trial court did not err in overruling appellant’s motion to exclude the state’s evidence, and by refusing to give written Charges Nos. 2 and 19 stating that Gay’s testimony must be corroborated, and denying appellant’s motion for a new trial. The credibility of the witnesses is a question for the jury. Willcut v. State, 284 Ala. 547, 226 So.2d 328; Vaughn v. State, supra; Savage v. State, 57 Ala.App. 579, 329 So.2d 638; Kent v. State, *528 56 Ala.App. 1, 318 So.2d 742; Smith v. State, 53 Ala.App. 27, 296 So.2d 925.
Appellant complains that the court refused to give, at his request, certain written charges. We have examined all the written charges in the record, and from such examination find that Charges 3, 7, and 9 are abstract; Charges 1, 4, 5, 6, 8,10, 11, 12, 13, 14, 15, 16, 17, 18, 20, 21, 22, 23, and B were substantially covered by the trial court in his oral charge to the jury; and Charge F is a no evidence charge, therefore, the trial court’s refusals were proper. Title 7, Section 273, Code of Alabama 1940; Smith v. State, 56 Ala.App. 109, 319 So.2d 729; Jones v. State, 174 Ala. 53, 57 So. 31 Ott v. State, 35 Ala.App. 219, 46 So.2d 226, certiorari denied, 253 Ala. 617, 46 So.2d 228.
Appellant complains that the trial court erred in sustaining state’s objection to the following question by appellant’s counsel to the appellant:
“Q. From the first landing there to the second landing, how many steps did you count?
MR. BLAND: We object to this. When? Unless you say when he counted them.
A. April, ’76.
Q. (BY MR. CONWAY) April, 1976?
MR. BLAND: I object to it unless he can show by his personal knowledge or proper evidence that the thing he is measuring is in the same condition and is the same as it was in September of 1975, we don’t know if he is measuring the same dock. Or the same stairs or anything else.
THE COURT: Sustained.”
There was evidence that the alleged larceny was committed on September 17,1975. We hold that the trial court did not err in sustaining state’s objection in view of the fact that it appears from the record that appellant did not have personal knowledge of the condition of the steps at the time of the alleged offense. Askew v. State, Ala.Cr.App., 331 So.2d 818; Frazier v. State, 48 Ala.App. 210, 263 So.2d 511; certiorari denied, 288 Ala. 743, 263 So.2d 516; Windham v. State, 23 Ala.App. 27, 122 So. 804. Lowery v. State, 25 Ala.App. 529, 149 So. 726.
On cross-examination of three of appellant’s character witnesses the court overruled appellant’s objections to questions propounded to them asking if they had ever heard of or did they know that appellant was convicted by the Federal Courts for distilling whiskey. They all answered that they did not. The errors of the trial judge in overruling appellant’s objections to the questions were not prejudicial to appellant in view of the negative answers of the witnesses. Baldwin v. State, 282 Ala. 653, 213 So.2d 819; Binion v. State, 57 Ala.App. 234, 327 So.2d 729; certiorari denied, 295 Ala. 391, 327 So.2d 732; Stinson v. State, 55 Ala.App. 629, 318 So.2d 325.
We have searched the record for any errors prejudicial to the defendant and have found none.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by the Honorable Joseph J. Mullins, a retired Circuit Judge, serving as a Judge of this Court under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328, Act # 1051, 1973); his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.