In November, 1979, a Montgomery County Grand Jury indicted appellant for robbery. Appellant was tried and convicted by a Montgomery County Circuit Court jury. Appellant subsequently filed a motion for new trial along with an affidavit. Appellant was sentenced to a fifteen (15) year prison term, and his motion for new trial was denied.
The evidence presented was conflicting. Basically, the state presented evidence establishing a prima facie case of robbery while appellant introduced a defense of alibi, along with other testimony conflicting with the state's case.
There was undisputed evidence that the victim, Carey Allen Chandler, a store manager for Winn-Dixie Super Market, was robbed on September 5, 1979, in the parking lot of the Southlawn Winn-Dixie store in Montgomery.
Mr. Chandler testified that, as part of his managerial duties, he left the store between 10:00 and 11:00 a.m. on September 5, to acquire change needed for the day from a bank in Montgomery. After converting $510.00 into change and one-dollar bills, and picking up a bag of deposit slips and bad checks, Chandler left the bank and returned to the Winn-Dixie store.
Chandler parked his car in the Winn-Dixie parking lot. As he was collecting the bags of currency and checks from his car, he noticed a car speeding towards him in the parking lot. As he stepped around his car in order to see who was speeding, Chandler saw someone on the passenger's side pull a stocking over his face. The masked passenger then stuck a gun out of the window towards Chandler.
Chandler further testified that, after the gun was pulled on him, he dropped the bags and began backing up towards the store. While backing up, Chandler was able to see the driver of the car who was not disguised. As the robber bent down to retrieve the bags, Chandler turned and rushed into the store, instructing a fellow employee to call the police. He then returned outside where he saw the robber retreating towards the street. The robber took off his mask and got back in the car as the car fled the scene.
After Chandler made his in-court identification of appellant as the driver of the car, the prosecutor repeatedly asked Chandler if he was absolutely sure of his identification. Chandler always emphatically replied that he was sure.
Appellant's counsel on cross-examination pointed out minor discrepancies between two statements made by Chandler to the police. Nevertheless, during cross-examination, Chandler again stated that he was absolutely sure that the driver of the car was appellant.
On re-direct, for the third time during the trial proceedings, Chandler reaffirmed his identification of appellant as the driver of the car. Chandler also stated that he had correctly picked appellant out of the five-man lineup a few days after the crime. *Page 1173 
Joseph Horenkamp, an investigator for the Montgomery Police Department, testified that he stopped appellant two days after the robbery. Appellant was driving a light blue Mercedes automobile and gave his name as Lynn Darnell Jarrett. His fiancee, Christine Jarrett, owned the car.
When Horenkamp later arrested appellant, appellant told Horenkamp that he had seen the car used in the robbery before and after the actual robbery, but he had never been in or even touched the car. He told Horenkamp that two acquaintances came by his house the morning of the robbery and asked appellant to take them to pick up a car, apparently the car used in the robbery. He told Horenkamp that he let them out and later that afternoon, after the robbery occurred, he picked them up again at an apartment complex.
Tom Totty, a Montgomery Police Department senior evidence technician at the time of the robbery, testified that he searched the car used in the robbery for latent fingerprints. He found no readable prints in the interior of the car, but he found good quality prints on top of the door frame just above the glass area on the driver's side of the car. Totty testified that the prints belonged to the appellant. Because of the complete nature of the prints, Totty was of the opinion that the appellant was sitting in the driver's seat with his hand outside the car, resting above the window when the prints were made unless appellant had intentionally made the prints from the outside.
The state also introduced evidence indicating that the car used in the robbery was stolen.
Appellant's defense consisted of an alibi in which two acquaintances who worked at a body shop both testified that appellant was at the body shop around the time of the robbery. A school friend also testified that she drove appellant to the body shop on the morning of the robbery.
Sergeant Sidney Williams of the Montgomery Police Department testified that he participated in the lineup in which Chandler identified the appellant as the driver of the car used in the robbery. Williams testified that Chandler gave a "tentative identification" and stated that he could not positively identify appellant by looking at his face, but that Chandler "gave all other general characteristics about the person involved." On cross-examination, Williams stated that Chandler was able to identify appellant from the lineup as the driver of the car.
Finally, appellant testified in his own defense corroborating his witnesses' alibi testimony. He also stated that he had put his hand on the outside of the car while talking to friends who were in the car when the robbery occurred. He also admitted having committed two prior grand larcenies.
On rebuttal, Mr. Chandler reaffirmed that he had identified appellant out of a lineup, and, for the fourth time during the trial proceeding, stated that he had no question in his mind that appellant was the driver of the car used in the robbery.
Appellant contends in his brief that the alibi testimony, coupled with an allegedly weak identification of appellant by the victim, "leads to a reasonable conclusion that he was not a participant in the robbery and that the evidence, therefore, does not support his conviction." We do not agree.
Although the testimony was indeed conflicting, the state presented evidence that established a prima facie case of robbery and would thus support the jury's verdict.
This court has consistently held that "where there is legal evidence from which the jury can by fair inference find the defendant guilty, this court has no right to disturb the verdict. Whether there is evidence of the defendant's guilt is a question of law and its weight and probative value are for the jury." Hyman v. State, Ala. Cr. App., 338 So.2d 448 (1976).
There is undeniably evidence of defendant's guilt in the testimony of the victim and the identification of appellant's fingerprints on the outside frame of the driver's side of the car used in the robbery. Chandler, on four different occasions during the *Page 1174 
trial proceeding, strongly and without reservation testified that he was absolutely sure that appellant was the driver of the car. Also, the story appellant told an investigator as to appellant's actions on the day of the robbery conflicted with the story appellant told on the witness stand.
Although the victim was the only eyewitness to the robbery, the law in Alabama is well settled that a conviction can be based on only the testimony of one witness such as a victim of the crime. Williamson v. State, Ala. Cr. App., 384 So.2d 1224
(1980). This court has also consistently held that conflicts between alibi testimony presented by a defendant and identification testimony of the victim are to be decided by the jury. In a recent robbery case factually similar to the present case, this court held:
 "It is settled law that conflicts in alibi testimony presented by the accused and identification testimony of the victim in a robbery prosecution is peculiarly within the province of the jury to resolve. For a collection of the cases on this principle see Ala.Dig.Cr.Law, Key No. 739 (2).
 "Appellant contends the State's case depended on the testimony of the robbery victim alone as against several witnesses for the defense showing that he was elsewhere when the alleged robbery occurred. The answer to appellant's contention is that in our system of criminal justice, we do not travel on the numerical number of witnesses. Smith v. State, 53 Ala. App. 27, 296 So.2d 925.
 "A fact may be established as firmly by the testimony of one witness as by the testimony of an entire community. Savage v. State, 57 Ala. App. 579, 329 So.2d 638; Williams v. State, Ala. Cr. App., 335 So.2d 249; Ala.Dig.Cr.Law, Key No. 553.
 "It is not within the province of the Court of Criminal Appeals to pass judgment on the truthfulness or falsity of conflicting evidence. May v. State, Ala. Cr. App., 335 So.2d 242; Snipes v. State, 50 Ala. App. 139, 277 So.2d 413." Freeman v. State, Ala. Cr. App., 350 So.2d 768 (1977).
Appellant contends that there was a fatal material variance between the facts alleged in the indictment and the facts adduced in trial. Specifically, appellant contends that the indictment alleged that appellant robbed Carey Chandler of his personal property in the form of $510.00. Appellant asserts that the facts proven in trial were that the money was the property of Winn-Dixie Supermarket and merely in possession of Carey Chandler, an employee of Winn-Dixie. Appellant argues that this variance between indictment and proof is fatal. We do not agree.
The indictment in the instant case reads:
 "The Grand Jury of said County charge that, before the finding of this indictment, Lynn Darnell Williams, alias Lynn D. Williams, feloniously took five hundred and ten dollars in lawful currency or coinage, or currency and coinage, of the United States of America, a better description of which is unknown to the Grand Jury, of the value of $510.00, the property of Carey Chandler, from his person, and against his will, by violence to his person, . . ."
This court recently decided the issue on point in Williams v.State, Ala. Cr. App., 387 So.2d 258, cert. denied, Ex parteWilliams, Ala., 387 So.2d 261 (1980). The court stated:
 "The appellant asserts that there was a material variance in the allegations of the indictment and the proof offered by the State. He maintains, first, that the State failed to prove that the property taken belonged to Daisy Johnson . . .
 "The law in Alabama as enunciated in Hobbie v. State, Ala. Cr. App., 365 So.2d 685, is well settled that the ownership of stolen property may be laid in the party in possession either as the owner, bailee or agent. No material variance exists where the indictment charges that the property taken was that of a named individual when the proof later shows that the property in reality belonged to another or to a corporation. The indictment is proper when it shows the party in possession. Hobbie, supra. *Page 1175 
 "In the present case, as can be seen from the quoted portions of the record, Johnson stated that the money taken from the register belonged to Delchamps, but she added that she was in charge of the register and that the money was in her possession. Under these facts, we fail to see any material variance."
We find no error in the record and the case is due to be affirmed.
AFFIRMED.
All the Judges concur.