The appellant, Wayne Nunn, was convicted of robbery in the first degree[1] and was sentenced to 20 years in prison. His sole contention on appeal is that the trial court erred in denying his motion for a judgment *Page 498 
of acquittal because, he says, the evidence was insufficient to support his conviction.
"The test used in determining the sufficiency of evidence to sustain a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational finder of fact could have found the defendant guilty beyond a reasonable doubt." O'Neal v. State, 602 So.2d 462, 464 (Ala.Cr.App. 1992). "In determining the sufficiency of the evidence to sustain a conviction, a reviewing court must accept as true all evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in a light most favorable to the prosecution." Powe v. State, 597 So.2d 721,724 (Ala. 1991).
Here, Terry Priester, the victim, positively identified the appellant as the person who pointed a pistol at him and told him to "shut up" as he took an air conditioning unit from a Birmingham apartment that Priester was painting for the apartment's landlord, Mike Robertson. (R. 13.) Priester testified that he saw the appellant then put the air conditioner inside a van and drive away. Priester positively identified the appellant as the culprit, in court as well as in a photographic array conducted by the police.
Mike Robertson testified that the appellant was a former tenant of the apartment that Robertson owned and that the appellant had recently moved out of the apartment when Robertson initiated formal eviction proceedings against him. Robertson testified that he had installed the air conditioning unit in the apartment for the use of its tenants and that it was his own property.
Lucretia Johnson, the appellant's former girlfriend, testified that the appellant had admitted to her that he had taken the air conditioner from the apartment. She stated that the appellant had told her that "they couldn't prove it because it was his word against [Priester's]." (R. 79.) Johnson testified that the appellant denied having a gun when he took the air conditioner. She acknowledged that she and the appellant had cross complaints against one another for harassment pending in court.
The appellant testified, denying that he had taken the air conditioner, denying that he had pulled a gun on Priester, and denying that he had ever even seen Priester. He maintained that he had gone to the apartment and that he found that his personal belongings had been thrown into the street. He stated that he did not go inside the apartment, but picked up his belongings and put them in a truck and left. The appellant's cousin testified and maintained that Lucretia Johnson had called her on the telephone and threatened to "mess up" the appellant in court. (R. 134.)
The evidence was clearly sufficient to support the appellant's conviction for robbery in the first degree.
 "Here there was sufficient legal evidence presented by the State to allow the jury to conclude beyond a reasonable doubt that the appellant was guilty of this robbery in the first degree. " 'The testimony of the victim of the alleged robbery which was offered to establish the identity of the appellant as one of the alleged robbers presented a jury question on that matter.' " Lomax v. State, 359 So.2d 832, 835 (Ala.Cr.App.), cert. denied, 359 So.2d 836 (Ala.), cert. denied, 439 U.S. 969, 99 S.Ct. 461, 58 L.Ed.2d 428 (1978). 'The victim made a positive and unequivocal in-court identification of the appellant. Therefore, whether the appellant was guilty of robbery was a jury question. Vaughn v. State, 57 Ala. App. 134, 326 So.2d 662 (1976). Testimony of the victim of the alleged robbery which was offered to establish the identity of the defendant as the alleged robber presented a jury question on that issue. Lambert v. State, 55 Ala. App. 669, 318 So.2d 364 (1975).' Baker v. State, 344 So.2d 547, 551 (Ala.Cr.App. 1977)."
Walker v. State, 631 So.2d 294, 301 (Ala.Cr.App. 1993).
As this court stated in Bennett v. State, 584 So.2d 869, 871
(Ala.Cr.App. 1990):
 "The victim's eyewitness testimony was sufficient evidence of identity. Any conflict in the evidence offered by the State and the evidence offered by the appellant went to the weight and not to the sufficiency of the evidence. The credibility of witnesses *Page 499 
and the weight to be given the testimony is for the jury to determine. Johnson v. State, 555 So.2d 818 (Ala.Cr.App. 1989); Harris v. State, 513 So.2d 79 (Ala.Cr.App. 1987)."
"Conflicting evidence presents a jury question not subject to review on appeal, provided the State's evidence establishes a prima facie case." Carroll v. State, 492 So.2d 323 (Ala.Cr.App. 1986).
The appellant's motion for a judgment of acquittal was properly denied.
AFFIRMED.
All the Judges concur.
[1] A person commits the crime of robbery in the first degree if he violates Ala. Code 1975, § 13A-8-43 (defining robbery in the third degree), and is armed with a deadly weapon or a dangerous instrument. § 13A-8-41(a)(1), Ala. Code 1975.