331 So.2d 404

**Roger FRAZIER**

v.

**STATE.**

**6 Div. 913.**

Court of Criminal Appeals of Alabama.

April 20, 1976.

ment in the penitentiary for ten years. He was adjudged and sentenced accordingly.

On appeal no question is raised, and our review of the record convinces us that no serious question can be raised, as to the sufficiency of the evidence to support the verdict and judgment.

Only two questions are raised by appellant: (1) whether the trial court committed error in charging the jury on the subject of flight and (2) whether the trial court erred in allowing in-court identification of defendant and ruling that it was not unduly suggested by the lineup procedure as conducted.

We see no necessity for narrating any testimony other than some of that which bears upon the two questions presented.

Defendant was identified by the victim of the robbery, Mrs. Hattie Bell Burns. She testified that in robbing her, defendant and an accomplice grabbed the cash register drawer and ran out of the door of the Majik Market together. Three days after the robbery, defendant was arrested at his apartment by Officer Robert Walker and another officer. While the other officer was knocking on the front door, Officer Walker said that he watched a back upstairs window of the apartment and saw "half of a body come out of the top window." Officer Walker, armed with a shotgun, ordered the person to come on out but he "went back inside of the house." The other officer, Sergeant Newfield, testified that as he heard Officer Walker on the outside hollering from "outside of the apartment" he went inside the room, found defendant there and arrested him.

Officer Walker, upon being interrogated by defendant's counsel, was unable to testify that the person he saw attempting to come out of a window of the apartment was defendant, but the circumstantial evidence presented pointed persuasively to defendant, and to him alone, as attempting to flee and escape apprehension or arrest. This constituted a sufficient basis for the court's charge as to flight.

Roger A. Brown, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and Stephen M. Langham, Asst. Atty. Gen., for the State.

LEIGH M. CLARK, Supernumerary Circuit Judge.

A jury found defendant guilty of robbery and fixed his punishment at imprison-

The charge as to flight is justified by reason also of the flight from the store by the robbers. *Muse v. State,* 29 Ala.App. 271, 196 So. 148, cert. denied 239 Ala. 557, 196 So. 151. In this particular case, the flight from the store had no relevancy to the question of whether defendant was one of the robbers, but the burden of proof was, at all times, on the State to convince the jury beyond a reasonable doubt by the evidence that defendant was guilty of the robbery alleged. Although perhaps unnecessary, evidence as to all of the circumstances of the alleged robbery, including the manner in which defendant left the store, was pertinent to the question of whether all of the elements of robbery existed.

■ In urging that the in-court identification of defendant by the victim of the robbery should not have been allowed in evidence, appellant relies upon the principle that an illegally suggestive pretrial identification proceeding may preclude an in-court identification. *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *U. S. v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). As compelling as the cited trilogy is, it has no application in this case. From some of the testimony of the victim on the subject, when considered alone, it can be inferred that when she viewed the pretrial lineup conducted by the Birmingham Police Department, she had been told by Sergeant Newfield that "they had caught them" and that she knew when she went to the lineup that "the robbers had been apprehended and that she was going to identify them." However, from the testimony in its entirety, it is clear that all the information on the subject that she had obtained, prior to her actual viewing of the defendant in a lineup, was a message that had come to her at the store from the Police Department that she was "to appear for a line-up," that the police had not told her anything; that the only thing said to her prior to her viewing defendant in the lineup was Sergeant Newfield's statement to her as she arrived for the lineup as to where she should go. The evidence is almost conclusive that no police officer did anything to suggest the identity of defendant to the victim. The lineup was composed of six individuals, all males of the same race as defendant. The lineup was five days after the robbery, two days after defendant's arrest. There was no evidence that defendant was distinguishable in any way from other participants in the lineup other than by his appearance as he was observed by the victim while the robbery was committed. According to the evidence, there was nothing done at or prior to the pretrial lineup of a suggestive nature. Nothing that was done or said there could have added to the chance of an error in the in-court identification. The evidence further shows that irrespective of the pretrial lineup the victim had sufficient knowledge and ability to identify defendant on the trial as one of the robbers and that there was little chance, and certainly no likelihood, of misidentification.

We have considered all claim errors and have searched the record for others. It is free of any error prejudicial to defendant. The judgment should be affirmed.

The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment below is hereby

AFFIRMED.

TYSON, HARRIS, DeCARLO and BOOKOUT, JJ., concur.