Bobbie Ann Blackmon Baker, the appellant, was indicted for the murder of her twenty-one-month-old son. A jury convicted her of manslaughter. The trial judge sentenced her to twenty-five years' imprisonment under Alabama Code Section13A-5-6 (a)(5) (1975). Three issues are raised on appeal.
 I
The indictment charged that Baker caused the death of her child "by beating, and/or striking, and/or shaking, on or about the head . . . with her hands and/or fists, and/or other instruments, to which are unknown to the Grand Jury." Baker objected to the admission of testimony and photographs which tended to show abuse to other portions of the child's body besides his head and neck.
The evidence of abuse to the other parts of the child's body was properly admitted. *Page 1062 
 "In a prosecution for murder, evidence of recent abuse to the child by the accused is admissible to show `intent, motive or scienter.' Layne v. State, 54 Ala. App. 529, 534, 310 So.2d 249
(1975). Acts of hostility, cruelty and abuse by the accused toward his homicide victim may be proved by the State for the purpose of showing motive and intent. Akers v. State, 399 So.2d 929, 931
(Ala.Cr.App. 1981); White v. State, 380 So.2d 348, 349 (Ala.Cr.App. 1980); Carroll v. State, 370 So.2d 749, 759 (Ala.Cr.App.), cert. denied, 370 So.2d 761 (Ala. 1979). This is `another of the primary exceptions to the general rule excluding evidence of other crimes.' C. Gamble, McElroy's Alabama Evidence, Sections 70.01 (12)(c) and (e) (3rd ed. 1977)." Phelps v. State, 435 So.2d 158, 163 (Ala.Cr.App. 1983).
See also Smith v. State (Ms. 6 Div. 977, May 31, 1983), (Ala.Cr.App.), cert. denied, (Ms. 82-998, November 4, 1983) (Ala. 1983).
 II
The evidence shows that Baker beat or slapped her son about the head with her hands or fists. The issue is whether hands or fists may be considered a "deadly weapon" for sentencing purposes under Alabama Code Section 13A-5-6 (a)(5) (1975). We find that hands or fists may properly be considered a deadly weapon for sentencing purposes depending upon the manner and subject of their use.
In Stewart v. State, 405 So.2d 402, 405 (Ala.Cr.App. 1981), this Court, through Judge Tyson, specifically held that "there is no limitation expressed in Section 13A-1-2 (11) which would prevent human fists from being considered a `deadly weapon' under appropriate circumstances." We specifically held that "the use of an adult man's fists to beat a seventeen month (old) child may appropriately allow those fists to be classified as a deadly weapon or a dangerous instrument."Stewart, 405 So.2d at 405. See also Helton v. State,372 So.2d 390, 393 (Ala.Cr.App. 1979).
The forensic pathologist testified that the infant died of "multiple blunt injuries to the head." Under these circumstances, we find that the trial judge did not abuse his discretion in finding that Baker's hands or fists were deadly weapons for purposes of sentencing.
 III
As this Court explained in Smith v. State (Ms. 6 Div. 977, May 31, 1983), ___ So.2d ___ (Ala.Cr.App.), cert. denied, (Ms. 82-998, November 4, 1983), ___ So.2d ___ (Ala. 1983), ten years is the only sentence available under Alabama Code Section13A-5-6 (a)(5) (1975) for manslaughter (a Class C felony under Section 13A-6-3) in which a deadly weapon was used. Consequently, the judgment of the circuit court is affirmed but the cause is remanded for proper sentencing.
AFFIRMED; REMANDED FOR PROPER SENTENCING.
All Judges concur.