Helen Harris was indicted for the murder of her thirteen month old son, Damarrio Harris. The jury found the appellant guilty of the lesser included offense of manslaughter. She was sentenced to ten years' imprisonment in the penitentiary.
The appellant does not challenge the sufficiency of the evidence. Therefore, any facts necessary for the disposition of this case will be discussed in relation to the issues raised in this appeal.
 I
The indictment in this case charged that the appellant
 "[D]id intentionally cause the death of another person, to-wit: Damarrio Harris, by striking and/or shoving said Damarrio Harris' head against a wall and/or striking and/or beating and/or hitting said Damarrio Harris with a backgammon set and/or hand and/or fist or some other object unknown to the Grand Jury, in violation of Section 13A-6-2 of the Code of Alabama, against the peace and dignity of the State of Alabama." (R. 264)
During trial, the appellant objected to the testimony of the pathologist concerning injuries to the victim's body other than his head. These injuries included numerous scars all over the body, bruises on the face, fractured ribs and a tear of the frenulum (the connecting tissues between the upper lip and gum). There was also testimony that the victim was malnourished.
 "`In a prosecution for murder, evidence of recent abuse to the child by the accused is admissible to show "intent, motive or scienter." Layne v. State, 54 Ala. App. 529, 534, 310 So.2d 249 (1975). Acts of hostility, cruelty and abuse by the accused toward his homicide victim may be proved by the State for the purpose of showing motive and intent. Akers v. State, 399 So.2d 929, 931 (Ala.Cr.App. 1981); White v. State, 380 So.2d 348, 349 (Ala.Cr.App. 1980); Carroll v. State, 370 So.2d 749, 759 (Ala.Cr.App.), cert. denied, 370 So.2d 761 (Ala. 1979). This is "another of the primary exceptions to the general rule excluding evidence of other crimes." C. Gamble, McElroy's Alabama Evidence, Sections 70.01 (12)(c) and (e) (3rd ed. 1977).' Phelps v. State, 435 So.2d 158, 163 (Ala.Cr.App. 1983)."
Baker v. State, 441 So.2d 1061 (Ala.Cr.App. 1983).
Therefore, the testimony as to the victim's other injuries was properly admitted into evidence.
 II
During the presentation of the defense, defense counsel asked a police officer if he could see the statement the officer had taken from this appellant. At this point, the prosecution made the following remarks.
 "MR. PIERSON: I object to this statement upon the basis that it's a selfserving statement. The witness — the Defendant is entitled to testify from the stand as to matters contained in the statement." (R. 206)
Defense counsel objected to this remark and asked for a mistrial. The trial judge then made the following statement.
 "THE COURT: Now, ladies and gentlemen, the attorney moved for a mistrial a *Page 690 
minute ago on the basis that some reference has been made to the statement and that there was a comment about the witness, or the Defendant, testifying in court.
 "Now, the Court states this to you; that someone has the right not to say a word. A person does not have to prove their innocence. I'll tell you in the Court's charge the State has to prove guilt beyond a reasonable doubt. So someone has the constitutional right not to say anything if they don't want to in court. And when they exercise that right, it's improper and highly improper for the State to try to prejudice them or use against them the fact that they want to have their right not to testify or the right not to get on the stand. So the Court asks you to please not to consider any reference about the Defendant not taking the stand if she does not. I don't know whether she is or not. But he made an objection so as it stands right now, please don't give any attention at all to the statement that the lawyer made about the Defendant not testifying. That that was not proper and should not be considered by you. Just remove that, please, from your minds. She has the right not to as not to prejudice her at all directly or indirectly the fact that she does not. That's her constitutional right and please do not consider any reference to that." (R. 208-209)
While a comment by the prosecutor on the accused's failure to testify is clearly improper,
 "The trial court can cure such a prejudicial statement, so that any error is harmless, by appropriate instructions to the jury which include `that such remarks are improper and to disregard them; that statements of counsel are not evidence; that under the law the defendant has the privilege to testify in his own behalf or not; that he cannot be compelled to testify against himself; and that no presumption of guilt or inference of any kind should be drawn from his failure to testify. Whitt v. State, Ala.Cr.App., 370 So.2d 736."
Coble v. City of Birmingham, 389 So.2d 527 (Ala.Cr.App.), cert. denied, 389 So.2d 535 (Ala. 1980).
Not only did the trial judge give curative instructions on this matter but he also polled the jury to make sure each juror could disregard the prosecutor's remark. These actions by the trial judge cured any prejudice to the appellant as a result of the prosecutor's improper remark. Nix v. State, 370 So.2d 1115
(Ala.Cr.App.), cert. denied, 370 So.2d 1119 (Ala. 1979).Retowsky v. State, 333 So.2d 193 (Ala.Cr.App. 1976).
The judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.