497 So.2d 571 (1986)
Bobby Lee WARD
v.
STATE.
6 Div. 618.
Court of Criminal Appeals of Alabama.
March 11, 1986.
Rehearing Denied April 8, 1986.
*572 Arthur Parker, Birmingham, for appellant.
Charles A. Graddick, Atty. Gen., and David B. Karn, Asst. Atty. Gen., for appellee.
TYSON, Judge.
Bobby Lee Ward was indicted for murder in the first degree in violation of Title 14, § 314, Code of Alabama 1940 (Recompiled 1958). The jury found the appellant "guilty of the lesser included offense of murder in the second degree" and he was sentenced to 50 years' imprisonment in the penitentiary.
On the evening of August 3, 1974, the victim, Donald Underwood, went to the pool room located next to the U-Tote-M at Mayfield and 24th Street in Birmingham. When the victim arrived, the appellant was playing pool with Bruce Patrick. The victim walked over to the appellant and asked for his dollar. The appellant told the victim he would pay him. The appellant then left the pool room and walked next door to the U-Tote-M and bought some beer. He returned to the pool room and gave the victim his dollar.
The appellant then walked outside and got in his car. When the victim came outside, the appellant called him over to the car. The victim walked over to the car and leaned in the window. The two began struggling. Patrick saw the appellant holding a pistol.
Then the appellant kicked open the car door. The victim backed away and the appellant fired a shot at the victim. The victim then ran up the hill and the appellant got out of the car, aimed and fired another shot at the victim.
The victim grabbed his side and fell. He was later taken to the hospital. The victim died as a result of a gunshot wound to the chest.
Golden Sewell, Jr. saw an argument between the appellant and the victim in front of the pool room on the night in question. The two were putting their hands in each others' face. At some point the appellant walked to his car and got in. The victim stated, "I'm telling you, don't bring your black ass back to Powderly no more." (R. 88-89). Then the victim walked over to the appellant's car.
The appellant then pushed the car door open on the victim and he pushed it back. Then the appellant fired a shot at the victim through the window which struck the victim. The two were not touching when the shot was fired.
The victim then said, "This nigger done shot me, Man." (R. 92). He then started running up the hill. The appellant got out and fired another shot at the victim and the victim fell to the ground.
The appellant got back in his car and left. Neither Patrick nor Sewell saw the victim with a weapon.
The appellant did not present any evidence at trial.

I
During the State's closing argument, the following occurred:
"MS. HOLLIS: Did you hear one voice, one voice from that witness stand say I thought Donald Underwood was going to hurt him?
"MR. PARKER: Objection to that statement, Your Honor, please. First of all, that the jury is not to consider that statement. That statement violates the Alabama Constitution.
"THE COURT: Ladies and gentlemen, don't consider that statement made in your consideration of this case.
"MR. PARKER: Next, I will move for a mistrial, because that has so prejudiced this case that we are entitled to another trial on this case.
"THE COURT: Overruled." (R. 125-126).
*573 The appellant contends that his motion for a mistrial should have been granted because the prosecutor's remark was a comment on his failure to testify.
Although the remark in question is arguably an indirect comment on the appellant's failure to testify, a prosecutor may not, "in any manner, comment on the failure of the defendant to testify." Beecher v. State, 294 Ala. 674, 320 So.2d 727, 734 (Ala.1975); Collins v. State, 385 So.2d 993, 1001 (Ala. Crim.App.1979) reversed on other grounds, 385 So.2d 1005 (Ala.1980). However, error can be cured by prompt instructions by the trial judge, as was done here. Beecher, supra. Earley v. State, 358 So.2d 494 (Ala. Crim.App.1978), cert. denied, 358 So.2d 501 (Ala.1978); Cummings v. State, 374 So.2d 421 (Ala.Crim.App.1979); Carden v. State, 382 So.2d 1158 (Ala.Crim.App.1980), cert. denied 382 So.2d 1162 (Ala.1980).
A mistrial should only be granted when a remark cannot be eradicated from the juror's minds. Collins, supra; Hunt v. State, 453 So.2d 1083 (Ala.Crim.App.1984). The decision whether to grant a mistrial is within the sound discretion of the trial court. Shadle v. State, 280 Ala. 379, 194 So.2d 538 (1967). Since the trial judge is present at the trial and is able to hear and observe the proceedings first hand, he is in the best position to determine whether a remark such as the one at issue is so prejudiced as to render it ineradicable from the minds of the jurors. McMurphy v. State, 455 So.2d 924 (Ala.Crim.App.1984).
The trial judge did not err to reversal by denying the appellant's request for a mistrial. The prosecutor's remark, while improper, was not so prejudicial that it could not have been removed from the jury's consideration after instructions from the trial judge. Earley, supra; Cummings, supra; Carden, supra.

II
The appellant alleges that the trial judge improperly instructed the jury on the concept of flight.
"It is settled law that in criminal cases the flight or attempted flight of a defendant is a circumstance which the jury may take into consideration. Pierce v. State, 51 Ala.App. 166, 283 So.2d 618." Vaughn v. State, 57 Ala.App. 134, 326 So.2d 662, 664 (1976).
In the case at bar, two witnesses testified that the appellant fled the scene. Thus, since evidence of flight was shown at trial, the trial judge properly instructed the jury on this subject. See Vaughn, supra; Frazier v. State, 57 Ala.App. 648, 331 So.2d 404 (1976); Childers v. State, 338 So.2d 1058 (Ala.Crim.App.1976).

III
The appellant contends the trial judge's failure to give his requested written charge on circumstantial evidence was error.
Requested charges on circumstantial evidence are properly refused where not all of the State's case derives from circumstantial evidence and the requested charge does not call for consideration of all the evidence. Johnson v. State, 55 Ala.App. 581, 317 So.2d 548 (1975).
There was overwhelming direct evidence of the appellant's guilt in this case. Thus, it was unnecessary to charge the jury on circumstantial evidence. Craft v. State, 402 So.2d 1078 (Ala.Crim.App.), cert. denied, 402 So.2d 1080 (Ala.1981).
Furthermore, the appellant's requested charge on circumstantial evidence did not call for consideration of all the evidence. Thus, no error occurred here.

IV
The appellant claims error because the trial judge refused to give his written requested charge on self-defense.
"The refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge or in charges given at the request of parties." Ala.Code, § 12-16-13 *574 (1975). See also Rule 14, Alabama Temporary Rules of Criminal Procedure.
The record reveals that the trial judge thoroughly and fairly instructed the jury on self-defense in his oral charge to the jury. (R. 137-142). Thus, a reversal is not required on this issue.

V
The appellant claims the trial judge erred to reversal by failing to charge the jury on the offense of manslaughter in the second degree.
"A defendant who is accused of the greater offense is entitled to have the court charge on the lesser offenses included in the indictment, if there is any reasonable theory from the evidence which would support the position. Stovall v. State, 34 Ala.App. 610, 42 So.2d 636 (1949); Kelly v. State, 235 Ala. 5, 176 So. 807 (1937). Involuntary manslaughter or manslaughter in the second degree, is where it plainly appears that neither death nor great bodily harm was intended, but death is accidentally caused by an unlawful act, or an act strictly lawful in itself, but done in an unlawful manner and without caution. Williams v. State, 251 Ala. 397, 39 So.2d 37 (1948). Where it is clear to the judicial mind that there is no evidence tending to bring the offense within some particular degree, and where it clearly shows from the evidence that the defendant was either guilty of murder or voluntary manslaughter or innocent and where there is no evidence tending to show that the killing was unintentional or accidental, a charge on manslaughter in the second degree is unnecessary and is not proper. Ware v. State, 147 Ala. 699, 41 So. 181 (1906); Ragsdale v. State, 134 Ala. 24, 32 So. 674 (1901); Pierson v. State, 99 Ala. 148, 13 So. 550 (1892)."
Fulghum v. State, 291 Ala. 71, 75-76, 277 So.2d 886 (1973).
There is absolutely no evidence that the homicide here was accidental or unintentional. It was not established which shot fired by the appellant hit the victim causing his death. However, both witnesses to the shooting testified that the appellant shot the gun both times at the victim. There is no shred of evidence that the appellant unintentionally or accidentally shot the appellant. Therefore, the trial judge properly refused to charge on manslaughter in the second degree. Fulghum, supra; Cooper v. State, 364 So.2d 382 (Ala.Crim.App.), cert. denied, 364 So.2d 388 (Ala.1978); Baldwin v. State, 352 So.2d 1156 (Ala. Crim.App.1977); Thornton v. State, 369 So.2d 63 (Ala.Crim.App.1979).
The appellant's reliance on Ivery v. State, 48 Ala.App. 257, 263 So.2d 712 (1972). and Ex parte Chavers, 361 So.2d 1106 (Ala.1978) as authority for reversal is misplaced. In each of these cases, there was evidence that the killings were accidental or unintentional.
Furthermore, the appellant's claim of self-defense does not authorize a charge on manslaughter in the second degree unless the killing was done unintentionally, which is not the case here. See Broom v. State, 45 Ala.App. 413, 231 So.2d 335 (1969); Leonard v. State, 369 So.2d 873 (Ala.Crim. App.), cert. denied, 369 So.2d 877 (Ala. 1979).
The judgment of the trial court is due to be and is, hereby, affirmed.
AFFIRMED.
TAYLOR and PATTERSON, JJ., concur.
BOWEN, P.J., dissents with opinion in which McMILLAN, J., joins.
BOWEN, Presiding Judge, dissenting.
I dissent. Clearly, the prosecutor's remark was a comment on the defendant's failure to testify, Ex parte Williams, 461 So.2d 852 (Ala.1984), which was not cured by adequate instruction from the trial court. Beecher v. State, 294 Ala. 674, 682-83, 320 So.2d 727 (1975); Blackmon v. State, 462 So.2d 1057, 1058-59 (Ala.Cr. App.1985). Cf. Harris v. State, 489 So.2d 688 (Ala.Cr.App.1986).