WINDOM, Judge.
C.D.B. appeals the juvenile court’s order adjudicating him delinquent based on a charge of first-degree rape, as defined in § 13A-6-61(a)(l), Ala.Code 1975. Specifically, C.D.B. was adjudicated delinquent for forcibly raping D.E.D. After adjudicating C.D.B. delinquent, the juvenile court committed him to the Department of Youth Services.
The State’s evidence tended to establish the following. On July 14, 2009, C.D.B. and his father, C.J., were visiting L.D., D.E.D.’s mother, at L.D.’s two-story apartment. At the time, L.D. and C.J. were dating. At some point during the visit, L.D. and C.J. went upstairs to iron clothes and take care of other laundry. While their parents were upstairs, C.D.B., who was then 14 years old, and D.E.D., who was then 9 years old, were downstairs watching television. C.D.B. was lying on the floor, and D.E.D. was on a couch.
While the two were watching television, C.D.B. told D.E.D. to come to him, to take her pants off, and to get on top of him. C.D.B. also took his pants off. D.E.D. then got on top of C.D.B., and the two engaged in sexual intercourse. After two to five minutes of intercourse, D.E.D. got up, and noticed that her vagina was bleeding. She then went to the bathroom to check herself.
Shortly after D.E.D. went to the bathroom, C.J. and C.D.B. left the apartment. After they left, D.E.D. told her mother, L.D., what had happened. L.D. telephoned C.J. and told him that he and C.D.B. needed to return to the apartment. When they returned, L.D. and D.E.D. informed C.J. of what had happened, and D.E.D. showed C.J. her bloody underwear. C.D.B. initially denied that anything had happened, but later admitted to engaging in sexual intercourse with D.E.D.
At trial, D.E.D. testified that she complied with C.D.B.’s request on the day of the incident because she was somewhat afraid of him. Specifically, D.E.D. said that she was afraid of C.D.B. because she had seen him argue with his father at some point in the past. D.E.D., however, also testified that C.D.B. did not threaten her or “do anything to make [her] feel like *401 if [she] didn’t do [what he asked], he would hurt [her.]” (R. 34.)
On appeal, C.D.B. argues that the State failed to present sufficient evidence to sustain his delinquency adjudication based on the charge of first-degree rape. See § 13A-6-61 (a)(1), Ala.Code 1975. Specifically, C.D.B. asserts that the State failed to present any evidence indicating that he used forcible compulsion to engage in sexual intercourse with D.E.D. This Court agrees.
Section 13A-6-61(a)(l), Ala.Code 1975, provides that, “[a] person commits the crime of rape in the first degree if ... [h]e or she engages in sexual intercourse with a member of the opposite sex by forcible compulsion....” Section 13A-6-60(8), Ala.Code 1975, defines forcible compulsion as, “[p]hysieal force that overcomes earnest resistance or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person.” Further, this Court has explained that, “Section 12-15-65(e), Ala.Code 1975, requires that an adjudication of delinquency be supported by ‘proof beyond a reasonable doubt, based on competent, material[,] and relevant evidence.’ ” A.A.G. v. State, 668 So.2d 122, 124 (Ala.Crim.App.1995). “ ‘ “The test used in determining the sufficiency of evidence to sustain a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational finder of fact could have found the defendant guilty beyond a reasonable doubt.” ’ ” C.M. v. State, 889 So.2d 57, 63 (Ala.Crim.App.2004) (quoting Nunn v. State, 697 So.2d 497, 498 (Ala.Crim.App.1997), quoting in turn O’Neal v. State, 602 So.2d 462, 464 (Ala.Crim.App.1992)). “ ‘ “[I]n resolving questions of sufficiency of the evidence, this court must view the evidence in the light most favorable to the state.” ’ ” D.W. v. State, 3 So.3d 955, 957 (Ala.Crim.App.2008) (quoting C.M., 889 So.2d at 62-63, quoting in turn A.A.G., 668 So.2d at 124).
Viewing the evidence in a light most favorable to the State, this Court must conclude that the State failed to “present any evidence that [C.D.B.] used physical force that overcame [D.E.D.’s] earnest resistance.” D.W., 3 So.3d at 957. Nor did the State present any evidence indicating that C.D.B. made “a threat, express or implied, that place[d] [D.E.D.] in fear of immediate death or serious physical injury to [her]self or another person.” § 13A-6-60(8), Ala.Code 1975. See Ex parte J.A.P., 853 So.2d 280, 284 (Ala.2002) (holding that its decision in Powe v. State, 597 So.2d 721 (Ala.1991), under which an implied threat may be inferred, applies only in “cases involving the sexual assault of children by adults who exercised positions of domination and control- over the children” and does not apply in cases involving sexual relations between two children (emphasis in original)); D.W., 3 So.3d at 957 (same). In fact, D.E.D. testified that C.D.B. did not do anything to threaten her or to make her fear for her safety. Consequently, this Court is compelled, pursuant to Ex parte J.A.P., 853 So.2d at 284, and D.W., 3 So.3d at 957, to conclude that the State did not present sufficient evidence to establish that C.D.B. “engage[d] in sexual intercourse with [D.E.D.] by forcible compulsion.... ” § 13A-6-61(a)(1), Ala.Code 1975.
The dissent asserts that this Court’s opinion: 1) erroneously “suggests that Ex parte J.A.P. holds that the State may never prove the element of forcible compulsion by an implied threat when the accused is a juvenile,” 81 So.3d at 410; 2) mischar-acterizes the State’s argument as requesting that this Court infer a threat where none (express or implied) existed; and 3) erroneously held that the State failed to *402 establish an implied threat based on the size and age discrepancy between the two children and based on the fact that the child-accuser saw the child-accused argue with his father and thus generally feared the child-accused.
First, nothing in this opinion suggests, much less holds, that an implied threat is insufficient to establish the forcible-compulsion element of first-degree rape when both the accuser and the accused are children. See §§ 13A-6-61(a)(1), and 13A-6-60(8), Ala.Code 1975. Instead, this Court faithfully applies the Alabama Supreme Court’s holding in Ex parte J.A.P. and declines to infer that C.D.B.—a child—impliedly threatened D.E.D.—another child—when there was no evidence indicating that C.D.B. explicitly or implicitly “communicated [an] intent to inflict harm on [D.E.D.].” Black’s Law Dictionary 1519 (8th ed.2004) (defining a threat).
Next, the dissent asserts that this Court mischaracterized the State’s argument and contends that the State presented sufficient evidence of an implied threat. Both the State and the dissent contend that the following factors are sufficient to establish an implied threat: 1) C.D.B. was older than D.E.D.; 2) C.D.B. was larger than D.E.D.; and 3) D.E.D. was, in general, afraid of C.D.B. because she had seen C.D.B. argue with his father and grab a belt out of his father’s hand. Contrary to the contentions of both the State and the dissent, none of these factors indicate, much less establish, that C.D.B. impliedly threatened D.E.D. A threat, whether explicit or implicit, is defined as “[a] communicated intent to inflict harm on another or on another’s property.” Black’s Law Dictionary 1519 (emphasis added). Thus, to establish a threat (implied or otherwise), the State must present some evidence indicating that the accused made some verbal or nonverbal communication indicating an intent to harm. In the present case, the State failed to present any evidence indicating that C.D.B. communicated an intent to harm. In fact, the State failed to present any evidence indicating that C.D.B. behaved in any threatening manner toward D.E.D. at any point in the past. Instead, D.E.D. testified that C.D.B. did not do anything to threaten her or to make her fear for her safety.
Despite the fact that C.D.B. did not do anything to threaten D.E.D. or to make her fear for her safety on the day of the incident, the State argues — and the dissent would hold — that an implied threat existed based on factors that do not establish any type of threatening communication, i.e., age discrepancy, size discrepancy, and a parent-child argument that did not involve the accuser. In other words, under the guise of an implied threat, the State and the dissent would infer a threat notwithstanding the fact that C.D.B. neither expressly or implicitly “communicated [an] intent to inflict harm ... on [D.E.D.].” Black’s Law Dictiona'ry 1519. The inference of a threat urged by the State and the dissent in this case, which involves two children, is precisely the type of inference prohibited under the Alabama Supreme Court’s opinion in Ex parte J.A.P.
Because the State failed to present any evidence of physical force or a threat of harm, it failed to establish an essential element of first-degree rape under § 13A-6-61(a)(l), Ala.Code 1975. Accordingly, C.D.B.’s adjudication of delinquency based on the charge of first-degree rape must be reversed and a judgment rendered in his favor.
REVERSED AND JUDGMENT RENDERED.
KELLUM, J., concurs. WELCH, P.J., and BURKE, J., concur specially, with opinion. JOINER, J., dissents, with opinion.