PER CURIAM.
Eric Lemont Higdon appeals his convictions for first-degree sodomy of a child less than 12 years old, see § 13A-6-63(a)(3), Ala.Code 1975, and first-degree sodomy by forcible compulsion, see § 13A-6-63(a)(l), Ala.Code 1975.[1] The circuit court sentenced Higdon to concurrent sentences of 23 years in prison for first-degree sodomy of a child less than 12 years old and 15 years in prison for first-degree sodomy by forcible compulsion.
In the summer of 2012, Higdon, who was 17 years old, worked as an intern at Momma’s Place Christian Academy, a day-care facility. Higdon’s duties primarily consisted of cleaning the day-care facility and supervising children, either alone or in conjunction with an adult. During that summer, K.S., who was then four years old, was enrolled as a student at Momma’s Place.
*1015 During August 2012, Higdon accompanied K.S. to the bathroom on multiple occasions. While in the bathroom, Higdon pulled down KS.’s pants, touched KS.’s penis, and performed oral sex on K.S. K.S. did not report Higdon’s actions because Higdon told K.S. not to tell anyone.
On August 23, 2012, A.D., the parent of another child enrolled in the day-care facility, filed a police report alleging that Hig-don had performed similar acts on her son. A.D. contacted K.S.’s mother, K.W., to alert her to the allegations against Higdon. K.W. asked K.S. if anyone at the day-care facility had touched him inappropriately. K.S. replied that Higdon had touched him and had “put his mouth on his wee-wee.” (R. 304.) During an interview with the clinical director of the Prescott House, a child-advocacy center, K.S. stated that Higdon had touched him and had performed oral sex on him on several occasions in the bathroom at Momma’s Place.
On appeal, Higdon argues that the State’s evidence was insufficient to sustain his conviction for first-degree sodomy by forcible compulsion.[2] Specifically, he asserts that the State failed to present any evidence indicating that he used forcible compulsion to engage in deviate sexual intercourse with K.S. This Court agrees.
““‘In determining the sufficiency of the evidence to sustain a conviction, a reviewing court must accept as true all evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in a light most favorable to the prosecution.” ’ Ballenger v. State, 720 So.2d 1033, 1034 (Ala.Crim.App.1998) (quoting Faircloth v. State, 471 So.2d 485, 488 (Ala.Crim.App.1984), aff'd, 471 So.2d 493 (Ala.1985)). 1 “The test used in determining the sufficiency of evidence to sustain a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational finder of fact could have found the defendant guilty beyond a reasonable doubt.” ’ Nunn v. State, 697 So.2d 497, 498 (Ala.Crim.App.1997) (quoting O’Neal v. State, 602 So.2d 462, 464 (Ala.Crim.App.1992)). ‘ “When there is legal evidence from which the jury could, by fair inference, find the defendant guilty, the trial court should submit [the case] to the jury, and, in such a case, this court will not disturb the trial court’s decision.” ’ Farrior v. State, 728 So.2d 691, 696 (Ala.Crim.App.1998) (quoting Ward v. State, 557 So.2d 848, 850 (Ala.Crim.App.1990)). ‘The role of appellate courts is not to say what the facts are. Our role ... is to judge whether the evidence is legally sufficient to allow submission of an issue for decision [by] the jury.’ Ex parte Bankston, 358 So.2d 1040, 1042 (Ala.1978).”
R.E.N. v. State, 944 So.2d 981, 983-84 (Ala.Crim.App.2006) (emphasis in original).
Section 13A-6-63(a)(a), Ala.Code 1975, provides that “[a] person commits the crimé of sodomy in the first degree if ... [h]e engages in deviate sexual intercourse with another person by forcible compulsion.” Section 13A-6-60(8), Ala.Code 1975, defines forcible compulsion as a “[p]hysical force that overcomes earnest resistance or a threat, express or implied, that places another person in fear of immediate death or serious physical injury to himself or another person.”
In viewing the evidence in the light most favorable to the State, this Court must conclude that the State failed to “present *1016 any evidence that [Higdon] used physical force that overcame [KS.’s] earnest resistance.” D.W. v. State, 3 So.3d 955, 957 (Ala.Crim.App.2008). Additionally,, the State failed to present any evidence that Higdon made an express threat that “placed [K.S.] in fear of immediate death or serious physical injury to himself or another person.” § 13A-6-60(8), Ala.Code 1975. The State asserts, however, that it presented sufficient evidence of an implied threat, citing the difference in age between Higdon and K.S. and Higdon’s position as an intern at the day-care facility as factors sufficient to establish an implied threat. In Powe v. State, the Supreme Court of Alabama held that an implied threat may be inferred in cases “concerning the sexual assault of children by adults with whom the children are in a relationship of trust.” 597 So.2d 721, 728 (Ala.1991). In Ex parte J.A.P., however, the Supreme Court clarified that the holding in Powe “would apply only to cases involving the sexual assault of children by adults who exercised positions of domination and control over the children.” 853 So.2d 280, 284 (Ala.2002) (emphasis in original). See also D.W., 3 So.3d at 957. Although. Higdon was in an apparent relationship of trust with K.S., he was 17 years old and not yet an adult at the time of the offense. Thus, an implied threat may not be inferred as a result of his position as an intern at the day-care facility. Additionally, this Court has held that an age discrepancy between the perpetrator and the victim does not constitute an implied threat. C.D.B. v. State, 81 So.3d 399, 402 (Ala.Crim.App.2011) (holding that age discrepancy and size discrepancy “do not establish any type of threatening communication”). Thus, the State’s argument that it presented sufficient evidence of forcible compulsion by implied threat is without merit.
Because the State failed to present any evidence of physical force or threat of harm, it failed to establish an essential element of first-degree sodomy under § 13A-6-63(a)(l), Ala.Code 1975. Accordingly, Higdon’s conviction based on the charge of first-degree sodomy by forcible compulsion must be reversed, and a judgment rendered in his favor on that charge. Higdon does not challenge his conviction for first-degree sodomy of a child less than 12 years old, see § 13A-6-63(a)(3), Ala. Code 1975; therefore, the circuit court’s judgment as to that conviction is affirmed.
AFFIRMED IN PART; REVERSED IN PART ÁND JUDGMENT RENDERED.
WELCH, J., concurs. WINDOM, P.J., concurs specially, with opinion, which KELLUM, J., joins. BURKE., J., concurs specially, with opinion. JOINER, J., ■ concurs in part and concurs in the result, with opinion.

. The State also charged Higdon with first-degree sodomy of a child less than 12 years old, a violation of § 13A-6-63(a)(3), Ala.Code 1975, and first-degree sodomy by forcible compulsion, a violation of § 13A — 6—63(a)(1), Ala.Code 1975, in two other cases involving two other alleged victims. All three cases were tried together. The jury convicted Hig-don in only one of the three cases, and that case is the subject of this appeal.

. Higdon does not appear to make an argument challenging the sufficiency of the evidence in relation to his conviction for first-degree sodomy of a child less than 12 years old, a violation of § 13A-6-63(a)(3), Ala.Code 1975.