JOINER, Judge,
concurring in part and concurring in the result.
I concur in the Court’s judgment affirming Eric Lamont Higdon’s conviction for first-degree sodomy of a'child less than 12 years old, see § 13A-6-63(a)(3), Ala.Code 1975. As to the Court’s judgment reversing Higdbh’s conviction for 'first-degree sodomy by. forcible compulsion, see § 13A-6-63(a)(l), Ala.Code 1975, and rendering a judgment in Higdon’s favor, I concur in the result.
I agree that the Alabama Supreme Court’s decision in Ex parte J.A.P., 853 So.2d 280, 284 (Ala.2002), compels this Court, to reverse Higdon’s conviction for first-degree sodomy by forcible compulsion. Like my colleagues, I also, urge the *1018 Alabama Supreme Court to revisit-its holding in Ex •parte J.A.P.
A case such as C.D.B. v. State, 81 So.3d 399 (Ala.Crim.App.2011), cited in the Court’s decision today, further demonstrates the need for the Supreme Court to reconsider the Ex parte J.A.P. decision. In C.D.B., this Court, in its words, “faithfully applie[d]” Ex partp J.A.P. to reject an implied threat of forcible compulsion under the particular facts present there. Those facts were as follows: At the time of the incident in question, the accused, C.D.B., was 14 years old, 6 feet 1 inch tall, and weighed 327 pounds. The accuser, D.E.D., was 9 years old, 4 feet 3 inches tall, and weighed less than 85 pounds. D.E.D., whose mother had been .dating C.D.B.’s father, testified that she had seen C.D.B. ‘“rip a belt away from his dad while [C.D.B.] was being whipped’” and that, based on that experience, she complied with C.D.B.’s instructions to take off her pants and “ ‘sit down on top of [him]’ ” out of fear that he might “‘find [something] around me that he could hit me with and hurt me.’. ” 81 So.3d at 411 (Joiner, J., dissenting).
In my dissenting opinion in C.D.B., I stated:
“ ‘Forcible compulsion’ is defined as ‘[p]hysical force that overcomes earnest resistance or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person.’ § 13A-6-60(8), Ala.Code 1975 (emphasis added).
“The main opinion holds that there was insufficient evidence of forcible compulsion to support- C.D.B.’s conviction for first-degree rape. As to whether the State presented sufficient evidence of forcible compulsion by an implied threat, the main opinion cites Ex parte J.A.P., 853 So.2d 280 (Ala.2002). The main opinion states that in Ex parte J.A.P. the Alabama Supreme Court held that ‘its decision in Powe v. State, 597 So.2d 721 (Ala.1991), under which .an implied threat may be inferred, applies only in “cases involving the sexual assault of children by adults who exercised positions of domination and control over the children” and does not apply in cases involving sexual relations between two children.’ 81 So.3d at 401 (quoting Ex parte J.A.P., 853 So.2d at 284). The máin opinion also cites D.W. v. State, 3 So.3d 955, 957 (Ala.Crim.App.2008), for the same proposition.
“To the extent the main opinion suggests that Ex parte J.A.P. holds that the State may never prove the element of forcible compulsion by an implied threat when the accused is a juvenile, I respectfully disagree. If Ex parte J.A.P. indeed stands for the proposition that forcible compulsion may never be proved by an implied threat in -a case involving two juveniles, the decision -is in conflict with the plain meaning of the language in the statutory definition of ‘forcible compulsion’ in § 13A-6~60(8), Ala.Code 1975, which does not exclude from its application cases involving two juveniles. The holding in Ex parte J.A.P., however, is clearly limited to those situations in which the State attempts to prove an implied threat solely by alleging that the threat may be inferred based upon the accused’s allegedly exercising a position of domination and control over the alleged victim. Ex parte J.A.P., 853 So.2d at 284 (‘This Court [in Powe v. State, 597 So.2d 721 (Ala.1991),] made it quite clear that its holding would apply only to cases involving the sexual assault of children by adults who exercised positions of domination and control over the children.’).”
*1019 81 So.3d at 410-11 (Joiner, J., dissenting) (some emphasis added).
The facts of the instant case, although different than those in C.D.B., are also egregious. Higdon’s case, like C.D.B., illustrates the problems in applying Ex parte J.A.P. The legislature, as noted, has included “implied” threats in its definition of “forcible compulsion.” For that definition to have appropriate application in cases involving a juvenile defendant and juvenile accuser, the Alabama Supreme Court needs to revisit Ex parte J.A.P.