STUART, Justice.
This Court issued a writ of certiorari to address the State’s request that this Court overrule Ex parte J.A.P., 853 So.2d 280 (Ala.2002), the controlling precedent applied by the Court of Criminal Appeals in reversing Eric Lemont Higdon’s conviction for first-degree sodomy by forcible compulsion, see § 13A-6-63(a)(l), Ala.Code 1975. We overrule Ex parte, J.A.P., reverse the judgment of the Court of Criminal Appeals, and remand.
Facts and Procedural History.
The Court of Criminal Appeals, in its opinion, summarized the pertinent facts surrounding the offense:
“In the summer of 2012, Higdon, who was 17 years old, worked as an intern at Momma’s Place Christian Academy, a day-care facility. Higdon’s duties primarily consisted of cleaning the day-care facility and supervising children, either alone or in conjunction with an adult. During that summer, K.S., who was then four years old, was enrolled as a student at Momma’s Place.
“During August 2012, Higdon accompanied K.S. to the bathroom on multiple occasions. While in the bathroom, Hig-don pulled down KS.’s pants, touched KS.’s penis, and performed oral sex on KS. K.S. did not report Higdon’s actions because Higdon told KS. not to tell anyone.
“On August 23, 20Í2, A.D., the parent of another child enrolled in the day-care facility, filed a police report alleging that Higdon had performed similar acts on her son. A.D. contacted KS.’s mother, K.W., to alert her to the allegations against Higdon. KW. asked KS. if anyone at the day-care facility had touched him inappropriately. KS. replied that Higdon had touched him and had ‘put his mouth on his ■ wee-wee.’ During an interview with the clinical director of the Prescott House, a child-advocacy center, KS. stated that Hig-don had touched him and had performed oral sex on him on- several occasions in the bathroom at Momma’s Place.”
Higdon v. State, 197 So.3d 1014, 1014-15 (Ala.Crim.App.2014).
A jury convicted Higdon of first-degree sodomy of KS., a child less than 12 years old, § 13A-6-63(a)(3), Ala.Code 1975, and of first-degree sodomy by forcible compulsion of KS., '§ 13A-6-63(a)(l), Ala,Code 1975. Higdon appealed his convictions to the Court of Criminal Appeals. The Court of Criminal Appeals affirmed Higdon’s conviction for first-degree sodomy of a child less than 12 years old and reversed Higdon’s conviction for first-degree sodomy by forcible compulsion, holding that the State had failed to present sufficient evidence of the element of forcible compulsion, and rendered a judgment in Higdon’s favor on that charge. Higdon v. State, 197 So.3d at 1016. The State petitioned this Court for a review of the Court of Criminal Appeals’ reversal of Higdon’s conviction for first-degree sodomy by forcible compulsion,[1] requesting that this Court overrule Ex parte J.A.P., which holds that, in a case in which the State must prove forcible compulsion and the offender is a juvenile in a relationship of trust with a child victim, evidence of the element of forcible compulsion cannot be established by an implied threat.

Standard of Review

The State’s request that this Court overrule Ex parte J.A.P, requires this Court to *1021 reconsider our determination that, as a matter of law, the element of forcible compulsion cannot be established by evidence of an implied threat when the defendant' is a juvenile in a relationship of trust with the child victim. Because- the State’s request presents a pure question of law, our review is de novo. Ex parte Morrow, 915 So.2d 539, 541 (Ala.2004)(“ ‘This Court reviews pure questions of law in criminal cases de novo.’ ” (quoting Ex parte Key, 890 So.2d 1056, 1059 (Ala.2003))).

Discussion

The State contends that this Court should overrule Ex parte J.A.P. because, it says, Ex parte J.A.P. prohibits.the State from proying the element of forcible compulsion through evidence of an implied threat, as defined in § 13A-6-60(8), Ala. Code 1975, in cases in which the defendant is a juvenile in a position of authority over a child victim.
To establish a prima facie case of first-degree rape or first-degree sodomy, thus allowing the matter to be submitted to the jury, the State must present evidence indicating that the defendant engaged in sexual intercourse by forcible compulsion, i.e., that the defendant engaged in sexual intercourse under circumstances in which the .victim earnestly resisted the sexual act or. was threatened into the sexual act. § 13A-6-61 and § 13A-6-63, Ala.Code 1975. “Forcible compulsion” is defined as “[pjhysical force that overcomes; earnest resistance or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person.” § 13A-6-60(8),
In Powe v. State, 597 So.2d 721 (Ala.1991), this Court examined whether the State had presented sufficient evidence to sustain the defendant’s conviction for first-degree rape by forcible compulsion. In Powe, the 40-year-old natural father had assaulted his 11-year-old daughter in his bedroom while no one else was home. The daughter testified ‘that she was afraid of her father. No evidence, however, was presented indicating that the daughter had been overcome -by physical force exerted by the father or that the father had expressly threatened the daughter. - This Court, however, reasoned that a child’s general fear of a parent can suffice as the “force” necessary to support a rape conviction; this .Court,- therefore, affirmed the conviction, concluding that the totality of the evidence was sufficient to establish an implied threat that placed the daughter “in fear of immediate death or serious physical injury.” § 13A-6-60(8).' We stated: :
“[A] jury could reasonably infer that [the father] held a position of authority and domination with regard to .his daughter sufficient to allow the inference. of an implied threat to her if she refused to comply with his demands.”
597 So.2d at 728. We observed that the decision
“established a mechanism by which the unique relationship- between 'children and the adults who exercise a position of domination and control over them may be taken into consideration in determining whether the element of forcible -compulsion has been established.”
597 So.2d at 729.
In Ex parte J.A.P., this Court refused to extend the forcible-compulsion analysis in Powe to a case in which the defendant charged with attempting to. engage in sexual intercourse by forcible compulsion with a child was a juvenile. Instead of focusing on whether the totality of the- evidence sufficiently -established that the juvenile defendant exercised a position of domination and control over the child victim, such that a jury could - infer an implied threat *1022 from the child victim’s perspective to establish the element of forcible compulsion, this Court held that the holding in Powe applied “only to cases involving the sexual assault of children by adults who exercised positions of domination and control over the children.” 853 So.2d at 284. This Court’s decision in Ex parte J.A.P. established a “bright line” rule that shifted the focus with regard to the trial court’s determination of the sufficiency of the evidence of forcible compulsion away from the perspective of the child, instead focusing the determination solely on the offender’s age.
Upon further consideration, however, we recognize that the focus in determining whether sufficient evidence has been presented from which a jury can infer that forcible compulsion by an implied threat exists should be the perspective of the child victim. As this Court recognized in Powe:
“When a defendant who plays 'an authoritative role in a child’s world instructs the child to submit to certain acts, an implied threat of some sort of disciplinary action accompanies the instruction. If the victim is young, inexperienced, and perhaps ignorant of the ‘wrongness’ of the conduct, the child may submit to acts because the child assumes that the conduct is acceptable or because the child does not have the capacity to refuse.”
597 So.2d at 728-29 (emphasis added). Thus, regardless of the defendant’s age, when determining as a matter of law the sufficiency of the evidence of an implied threat from which a jury may infer the element of forcible compulsion, the trial court may consider from the child victim’s perspective, among other factors, the difference in age or physical maturity between the defendant and the child victim and the defendant’s conduct and exercise of a position of authority or control over the child victim. Because our holding in Ex parte J.A.P. unjustly limited the effect of the definition of forcible compulsion by an implied threat and inappropriately shifted the trial court’s examination of the sufficiency of the evidence of forcible compulsion by an implied threat in cases involving a juvenile offender from the perspective of the child victim to the age of the offender, Ex parte J.A.P. is hereby overruled.
In overruling Ex parte J.A.P., this Court returns to an approach more consonant with the statutory definition of forcible compulsion and the principles set forth in a Powe in conducting a forcible-compulsion analysis when a defendant, regardless of his or her age, exercises a position of domination and control over a child.

Conclusion

Accordingly, the judgment of the Court of Criminal Appeals is reversed, and this case is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.*
BOLIN, PARKER, MURDOCK, MAIN, WISE, and BRYAN, JJ., concur.
SHAW, J., concurs specially.
MOORE, C.J., dissents.

. Higdon did not petition this Court for cer-tiorari review of the Court of Criminal Appeals’ decision affirming his conviction for first-degree sodomy of a child less than 12 years old. Therefore, that conviction is not before this Court for review.

 Note from the reporter of decisions: On December 11, 2015, on remand from the Ala- ■ bama Supreme Court, the Court of Criminal Appeals affirmed, without opinion (CR-13-1305).